[No. 15686.   Department Two.—March 25, 1895.]

THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT, *v.* THOMAS MOONEY ET AL., APPELLANTS.

MUNICIPAL ORDINANCE—RATIFICATION BY LEGISLATURE—SAN FRANCISCO—LAFAYETTE PARK—VAN NESS MAP.—When the legislature of the state of California ratified ordinance No. 822 of the city and county of San Francisco, except so far as it had reference to the grant by the city of any part of the public squares and parks, and by the same act ratified the Van Ness map upon which Lafayette park was delineated and described as a public park or square, the ratification of the Van Ness map gave it validity, and confirmed Lafayette park as a public square, and it is not material that the map had been prepared and adopted after the time limited by ordinance 822.

ID.—STATUTORY CONSTRUCTION—LAW CONFIRMING VOID ACT.—A legislative act is to be interpreted according to the intention of the legislature, and, when the act purports to confirm a void act, it is not to be understood as confirming it so as to leave it void, but to give validity and efficacy to the thing done.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*S. W. & E. B. Holladay,* and *Sawyer & Burnett,* for Appellants.

*Sullivan & Sullivan,* and *Craig & Meredith,* for Respondent.

HENSHAW, J.—Appeal by the defendant Delaney from the judgment and from the order denying him a new trial.

The action was commenced by the city and county of San Francisco against the defendants named, and many others, to recover certain lands claimed and held by the defendants adversely to the city. The land claimed by appellant is part of the so-called Lafayette park. Lafayette park was delineated and described as a public park or square upon the Van Ness map. The facts of this case are identical in all essential particulars with those in the case of *Hoadley* v. *San Francisco,* 50 Cal. 265, and *Sawyer* v. *San Francisco,* 50 Cal. 370. The later cases of *People* v. *Holladay,* 68 Cal. 442, *Hoadley* v. *San Francisco,* 70 Cal. 324, *San Francisco* v. *Holladay,* 76 Cal. 18, and *People* v. *Holladay,* 93 Cal. 244; 27 Am. St. Rep. 186, follow and reannounce the rule of construction given to the act of the legislature, ratifying ordinances Nos. 822, 845, and the Van Ness map, first declared by the cases reported in the fiftieth volume of our reports.

Moreover, the soundness of the construction put by this court upon the ratifying act of the legislature of March 11, 1858, has been subjected to review by the supreme court of the United States, which court, after quoting the opinion in *Hoadley* v. *San Francisco, supra,* says: "To this we agree. . . . . In short, the state refused to confirm the ordinance so far as it had reference to the grant by the city of any part of these squares; and Congress in its conveyance followed in this particular what had been done by the state." (*Hoadley* v. *San Francisco,* 124 U. S. 645.)

It would seem, therefore, that not only is the interpretation put upon the ratifying act by this court sound and correct, but that the question of that interpretation is no longer an open one; yet the essential contention of appellant is that the court was in error in these cases. It is strenuously insisted that when the legislature ratified ordinance 822, which ratification took effect by relation as of the date of the passage of said ordinance, it exhausted its power, and the ratification of the Van Ness map, though a part of the same legislative enactment, was nugatory and ineffectual, because

the Van Ness map had been prepared and adopted after the time limited for its preparation and adoption by ordinance 822; or, at least, that the ratification was nugatory and ineffectual so far as concerned the public parks or squares set apart by said map.

This, however, is logically a contention that the legislature, in ratifying the Van Ness map at the same time and with its ratification of ordinance 822, did not intend to ratify it so as to give it validity, but ratified and confirmed it in its validity. The answer to such a proposition is found in the language used by Chief Justice Story in *Wilkinson* v. *Leland*, 2 Pet. 661: "This is a legislative act, and is to be interpreted according to the intention of the legislature upon its face. Every technical rule as to the construction or force of the particular terms must yield to the clear expression of the paramount will of the legislature. The only question, then, is, What is the intent of the legislature? Is it merely to confirm a void act so as to leave it void—that is, to confirm it in its infirmity? or is it to give general validity and efficacy to the thing done? We think there is no reasonable doubt of its real object and intent. It is not an act of confirmation by the owner of the estate, but an act of confirmation of the sale and conveyance by the legislature in its sovereign capacity."

The judgment and order appealed from are affirmed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.