[Civ. No. 15305.   Second Dist., Div. Two.   Oct. 9, 1946.]

NATIONAL AUTOMOBILE AND CASUALTY INSURANCE CO. (a Corporation), Appellant, v. MAYNARD GARRISON, as Insurance Commissioner, etc., Respondent.

Wright & Millikan, Neil Cunningham and Irving A. Gale for Appellant.

Robert W. Kenny, Attorney General, and Walter L. Bowers, Assistant Attorney General, for Respondent.

McCOMB, J.—From a judgment discharging an alternative writ of mandate and denying a peremptory writ requiring defendant to issue certain subpoenas duces tecum, petitioner appeals.

The essential facts are these:

Petitioner was an insurance corporation duly authorized by certificate issued by the respondent to transact certain classes of insurance business in this state. Respondent had ordered petitioner to appear before him to show cause why its certificate of authority to transact business should not be revoked.

During the course of the hearing petitioner, on September 6, 1945, made written request upon respondent for the issuance forthwith of certain subpoenas duces tecum. Respondent refused to issue such subpoenas for the reason that petitioner had failed to submit an affidavit setting forth the asserted materiality of the evidence sought to be produced. Thereafter petitioner submitted an affidavit in support of his request for such subpoenas duces tecum. Respondent refused to issue the subpoenas duces tecum forthwith, but stated that he would consider whether or not the matters sought to be produced were material to any issue in the hearing.

A continuance was then granted to permit petitioner to file the present proceeding in the superior court. The trial court denied the petition upon the ground that respondent was vested with a discretion in determining whether the subpoenas duces tecum should issue or not, and was not required to issue them forthwith as a matter of course.

This is the sole question necessary for us to determine: *Under section 11510 of the Government Code, does respondent have any discretion in issuing a subpoena duces tecum upon request after a hearing in a case has commenced?*

This question must be answered in the affirmative. Section 11510(a) of the Government Code reads as follows:

"Before the hearing has commenced the agency *shall issue* subpenas and subpenas duces tecum at the request of any party in accordance with the provisions of Section 1985 of the Code of Civil Procedure. After the hearing has commenced the agency itself hearing a case or a hearing officer sitting alone *may issue* subpenas and subpenas duces tecum." (Italics added.)

It is clear from a reading of the foregoing code provision that it is mandatory upon the commissioner to issue forthwith a subpoena duces tecum when requested by a party in accordance with the provision of section 1985 of the Code of Civil Procedure *before a hearing* has commenced. It is likewise clear from the language in the quoted code that it is discretionary with respondent whether a subpoena duces tecum issue *after a hearing* has commenced. Obviously, if a proper showing including the materiality of the evidence to be introduced is brought to the attention of respondent, it would be an abuse of discretion to deny a petitioner's request for a subpoena duces tecum. However, in the absence of such a proper showing respondent would be justified in denying such request.

There is no need to enter into an involved and lengthy discussion as to the meaning of the words "shall" and "may" as used in the above section. The Legislature has used both words in the same section and must be presumed to have attached to them their ordinary meanings. "Shall" means "must" (Webster's New Inter. Dict. (1939), vol. 2, p. 2300), while "may" means "to have power." (Webster's New Inter. Dict. (1939), p. 1517.)

Applying these definitions to the instant case a commissioner must issue a subpoena duces tecum if requested before the hearing and the provisions of section 1985 of the Code of Civil Procedure have been met. On the other hand, if the application is made after the hearing is commenced, respondent has the power to issue the subpoena if in his opinion it appears among other things that the evidence sought to be produced is material to an issue or issues before him.

Since in the present case the application was made after the hearing was commenced, respondent was correct in taking the position that he was not required to issue the subpoena duces tecum forthwith but could consider the materiality of the evidence sought to be produced. The trial court's ruling was therefore correct since it is unnecessary to cite authority in support of the proposition that a ministerial officer may be compelled by mandamus to do an act only when the law specifically requires him to perform the act, and in the absence of such a showing the writ may not issue.

*Southern Pacific Co.* v. *Superior Court,* 15 Cal.2d 206 [100 P.2d 302, 130 A.L.R. 323], relied on by petitioner, is in-

applicable for the reason that in the cited case the application was made before the hearing had commenced and not afterwards as in the present case.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.