[Civ. No. 65949. Second Dist., Div. Four. Sept. 23, 1982.]

LELA B. RICE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
TIMES-MIRROR COMPANY et al., Real Parties in Interest.

**COUNSEL**

Stephen H. Heller, Horvitz & Greines, Kent L. Richland and Alan G. Martin for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker, Dennis H. Vaughn, Alan K. Steinbrecher, Bodkin, McCarthy, Sargent & Smith and John A. Sappington for Real Parties in Interest.

## OPINION

**KINGSLEY, J.**—By petition for writ of mandate the plaintiff in the underlying personal injury action seeks to compel respondent to allow her trial preference pursuant to Code of Civil Procedure section 36, subdivision (a). Respondent denied such preference on the ground plaintiff had obtained a preferential trial date in her prior, identical action but had relinquished it when her counsel dismissed that action, filed the present action and sought trial preference solely to circumvent the refusal of the master calendar judge in the prior action to grant a one-week continuance until petitioner's physical condition improved sufficiently for her to be present at trial.

The question presented is whether Code of Civil Procedure section 36, subdivision (a), which provides that "a civil case *shall* be entitled to preference upon motion of *any* party to such action who has reached the age of 70 years ...," is intended by the Legislature to be mandatory or directory. (Italics added.)

We have concluded that the language of section 36, subdivision (a) of the Code of Civil Procedure was intended by the Legislature to be mandatory and thus requires that a litigant qualifying under its terms be given preferential trial setting irrespective of the circumstances leading to the motion for preference.

### FACTS:

The essential material facts are not in dispute. On June 17, 1981, petitioner suffered severe brain injury when struck by a vehicle driven by real party in interest Richard W. Thompson who was acting in the course of his employment by real party in interest Richard E. Stead. Thompson was delivering newspapers published by real party in interest Times-Mirror Company. On July 2, 1981, petitioner filed a personal injury action against real parties in superior court. On August 25, 1981, petitioner, who was then 80 years of age, moved for a preferential trial date pursuant to Code of Civil Procedure section 36, subdivision (a). The motion was granted and trial was set for February 9, 1982. The case trailed for lack of an available courtroom. When the case was called for trial on March 10, 1982, petitioner's counsel made an oral motion before the trial calendar court, Judge David Eagleson presiding, for a five- to seven-day continuance of the trial. Counsel represented to the court that he had been advised that morning by the physician caring

for petitioner that petitioner's condition had worsened substantially and would not allow her to be moved from the hospital for approximately 10 days. Counsel wanted petitioner present at some time during trial. The motion was denied. Petitioner's alternate oral motion to take the matter off calendar was also denied. The case was assigned to the courtroom of Judge Harold J. Ackerman for immediate trial. In Judge Ackerman's chambers petitioner's counsel renewed the motion for continuance. Judge Ackerman denied the motion, stating that his policy was to follow the rulings of the master calendar judge "because he runs the calendar and I don't." Petitioner's counsel thereupon voluntarily dismissed the action, without prejudice and, on March 11, 1982, filed a second, identical, action within the applicable statute of limitations period. On June 16, 1982, petitioner noticed a motion for preferential trial setting in her second action. The motion was again predicated upon petitioner qualifying for preference under section 36, subdivision (a), due to her age of 80 years. Real parties in interest filed opposition to the motion, reciting the procedural history and arguing that petitioner had waived her right to preference in the second action because her trial counsel had relinquished the preferential trial date in the first action to circumvent Judge Eagleson's refusal to grant a continuance of trial. In essence, real parties contended that petitioner's counsel had elected between a preferential trial date and the advantage of having petitioner viewed by the jury. They asserted that petitioner should not be allowed to contravene the court's power to regulate its business by accomplishing indirectly what the master calendar judge would not let her do directly. The motion was heard on July 2, 1982, by Judge Harry V. Peetris. Petitioner's counsel represented to the court that "At this time she [petitioner] can come into court. She will not be able to testify. She is basically in a vegetative state." The motion was denied.

The present petition for mandate was filed with this court July 23, 1982. The alternative writ issued July 29th. A return was filed by real parties on August 25th.

## DISCUSSION:

The two questions to be determined are whether Code of Civil Procedure section 36, subdivision (a)[1] is to be construed as mandatory and, if so, whether such construction impermissibly violates inherent powers of the trial court to regulate the order of its business.

---

[1]Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

### I. *Is Code of Civil Procedure section 36, Subdivision (a) Mandatory or Directory?*

Section 36, subdivision (a) provides that "A civil case *shall* be entitled to preference upon the motion of *any* party to such action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole." (Italics added.) There is no dispute that plaintiff satisfies both conditions.

■ The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature from a reading of the statute as a whole so as to effectuate its purpose. (*Select Base Materials, Inc. v. Board of Equal* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *San Francisco v. Mooney* (1895) 106 Cal. 586, 588 [39 P. 852].) In this endeavor the court should first look to the plain dictionary meaning of the words of the statute and their juxtaposition by the Legislature. (*People v. Knowles* (1950) 35 Cal.2d 175, 182-183 [217 P.2d 1].) ■ The word "shall" is ordinarily "used in laws, regulations, or directives to express what is mandatory." (Webster's New Internat. Dict. (3d ed. 1966) p. 2085, col. 2.) The word "may," by contrast, is usually permissive and denotes "to have power." (*National Automobile etc. Co. v. Garrison* (1946) 76 Cal.App.2d 415, 417 [173 P.2d 67].) Although the use of "shall" in a statute is not always to be construed as evidencing a mandatory legislative intention (*Thurmond v. Superior Court* (1967) 66 Cal.2d 836, 838-839 [59 Cal.Rptr. 273, 427 P.2d 985]), it has been held that where the Legislature employs the terms "shall" and "may" in different portions of the same statute, it must be concluded that the Legislature was aware of the different meanings of these words and intended them to denote mandatory and directory requirements, respectively. (*National Automobile etc. Co. v. Garrison, supra,* 76 Cal.App. 2d 415, 417; see *Hogya v. Superior Court* (1977) 75 Cal.App.3d 122, 133, fn. 8 [142 Cal.Rptr. 325].) ■ A final rule applicable to facial evaluation of a statute is that "every word, phrase or provision is presumed to have been intended to have a meaning and perform a useful function" (*Mahdavi v. Fair Employment Practice Com.* (1977) 67 Cal. App.3d 326, 334 [136 Cal.Rptr. 421]) and a statute should be so construed where possible (*J. R. Norton Co. v. Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 36-37 [160 Cal.Rptr. 710, 603 P.2d 1306].)

■ Application of these rules of construction to subdivision (a) of section 36 compels the conclusion that the Legislature intended it to be

mandatory. It is significant that in contrast to subdivision (a) the Legislature employs the term "may" in other subdivisions of section 36. Subdivision (c) provides: "In its discretion, the court *may* also grant a motion for preference . . . accompanied by clear and convincing medical documentation which concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and which satisfies the court that the interests of justice will be served by granting such preference." (Italics added.) Subdivision (d) provides: "Notwithstanding any other provision of law, the court *may* in its discretion grant a motion for preference . . . accompanied by a showing of cause which satisfies the court that the interests of justice will be served by granting such preference." (Italics added.) The Legislature has thus contrasted the term "shall" in subdivision (a) with the term "may," joined with references to the discretion of the court and the interests of justice, in subdivisions (c) and (d). Such juxtaposition demonstrates the intent that "shall" carry a mandatory meaning. Also, the term would be rendered meaningless and without function if it were construed as merely directory because subdivisions (c) and (d) give the trial court pervasive discretionary power to grant preference in the interests of justice. Subdivision (a) must accordingly be viewed as intended to set a particular class of litigants apart and entitle them to preference as a matter of right while other litigants must demonstrate to the trial court that justice will be served by granting of preference.

An additional rule of construction independently requiring the conclusion subdivision (a) is mandatory is stated in *Francis* v. *Superior Court* (1935) 3 Cal.2d 19, 28 [43 P.2d 300], as follows: "'It is, of course, difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and when mandatory or imperative, but of all the rules mentioned, the test most satisfactory and conclusive is whether the prescribed mode of action is of the essence of the thing to be accomplished, or, in other words, whether it relates to matters material or immaterial—to matters of convenience or of substance. [Quoting from *Gallup* v. *Smith* (1890) 59 Conn. 354 (22 A. 334).]'" *Francis* involved construction of section 661 of the Code of Civil Procedure which provides that "The motion for a new trial shall be heard and determined by the judge who presided at the trial; [unless that judge is absent from the county of trial]." The court discussed the factors of the comparative familiarity of the trial judge with the facts and law of the case as affecting a substantive right of the party moving for a new trial. *Francis* held that the purpose of the

statute was to protect a substantive right of litigants and therefore must be construed as mandatory to effect that purpose. "To leave it optional with litigants to observe or disregard its provisions would defeat the very purpose and object of its enactment ... when taken in connection with the subject matter of section 661, and the purposes to be accomplished by its enactment, we think the clear intent of the legislature was to use it in its mandatory sense." (At p. 29.)

Similarly, in *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122 [142 Cal.Rptr. 325], the court was required to determine whether Civil Code section 1781, subdivision (b) should be construed as mandatory in determining when a trial court must allow a case to proceed as a consumer protection class action. That statute provides: "The court *shall* permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist: ..." (Italics added.) The trial court ruled that all the conditions enumerated under that subdivision existed, but refused to certify the class action due to extraneous considerations. The *Hogya* court discussed the general rules of construction and held that a mandatory construction was required to "promote the act's purposes and effectiveness. The self-declared purposes of the act are 'to protect consumers ... and to provide efficient and economical procedures to secure such protection.'" (At p. 135.)

Another example of statutory regulation of the priority of trial proceedings to promote public policy and substantive rights are actions for unlawful detainer pursuant to Code of Civil Procedure section 1179a. (*Lori, Ltd.* v. *Superior Court* (1946) 74 Cal.App.2d 442 [168 P.2d 982], granting mandate to enforce priority.)

As with the statutes construed in *Francis* v. *Superior Court, supra,* 3 Cal.2d 19, *Lori* v. *Superior Court, supra,* 74 Cal.App.2d 442 and *Hogya* v. *Superior Court, supra,* 75 Cal.App.3d 122, section 36, subdivision (a) must be concluded to have the purpose of protecting a substantive right and, accordingly, must be construed as mandatory to effect that protection. The bill digest of the Assembly Committee on Judiciary commenting on section 36[2] states under the heading "Bill Description" that "In civil actions a party who has reached the age of 70 is entitled to preference." Under the heading "Comment" the summary states "This bill would provide for an early trial date for persons who because of their advanced age or serious medical problems might die or become incapacitated before their cases come to trial." These comments

---

[2]Section 36 was enacted by Assembly Bill No. 146, Statutes 1979, chapter 151.

reflect the purpose of subdivision (a) to safeguard to litigants beyond a specified age against the legislatively acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and the opportunity to recover their just measure of damages or appropriate redress. The present action is illustrative of the substantive character of the right conferred by subdivision (a). Probate Code section 573 provides that, "When a person having a cause of action dies before judgment, the damages recoverable by his executor or administrator are limited to such loss or damage as the decedent sustained or incurred prior to his death, ... and shall *not* include damages for pain, suffering or disfigurement." (Italics added.) The underlying complaint alleges that plaintiff was healthy and active prior to being injured by defendants and that she suffered severe brain damage due to the accident. It is contended that her present "vegetative state" results from the defendants' negligence. There can be no dispute that entitlement to a preferential trial date safeguards a substantive right to recover damages for pain, suffering and disfigurement.

II. *Does a Mandatory Construction Violate the "Inherent Power" of Trial Courts to Regulate the Order of Their Business?*

Real parties in interest contend that despite the Legislature's use of the term "shall" in subdivision (a), to construe it as mandatory would impermissibly infringe upon the long acknowledged "inherent power" of trial courts to regulate the order of their business by master calendar assignments. This power is apparently derived from the provision of the California Constitution, now article VI, section 1, reserving the judicial powers of the state to the judiciary. But, as will be seen, no case has held that the Legislature is absolutely precluded from enacting statutes regulating court procedure. To the contrary, article VI, section 6 of the California Constitution directly empowers the Judicial Council to formulate rules "for court administration, practice and procedure not inconsistent with statute." This provision implicitly confers upon the Legislature power to enact the underlying statutes with which Judicial Council rules must be consistent. (1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 114, p. 383.)

Real parties, nevertheless, rely upon three cases each holding the apparently mandatory language of particular procedural statutes to be merely directory. None of these cases concern statutes protecting a substantive right of litigants as does section 36, subdivision (a).

The first of those cases relied upon by real parties, *Lorraine* v. *McComb* (1934) 220 Cal. 753 [32 P.2d 960], involved a petition for mandate by both sides to a civil action seeking to compel the trial court to grant a trial continuance to which all parties had agreed. Former Code of Civil Procedure section 595 provided "In all cases, the court shall postpone a trial, . . . for a period not to exceed thirty (30) days, when all attorneys of record of parties who have appeared in the action agree in writing to such postponement." The Supreme Court held that although the statute employed the term "shall," the convenience of the parties must be overcome by the inherent power of the court to control the order of its business. The court noted ". . . repeated instances are to be found where the judicial department has submitted to the regulatory power of the legislative department. This is particularly true in matters of procedure. But there must come a point beyond which the judicial department must be allowed to operate unhampered by legislative restriction." The court determined the statute not to offend constitutional separation of powers, because it could be construed as merely directive: "'One of the powers which has always been recognized as inherent in courts, which are protected in their existence, their powers and jurisdiction by constitutional provisions, has been the right to control its order of business and to so conduct the same that the rights of all suitors before them might be safeguarded. This power has been recognized as judicial in its nature, and as being a necessary appendage to a court organized to enforce rights and redress wrongs.'" (At p. 756.) The court went on in obiter dictum to ascribe a similar directory character to other sections of the Code of Civil Procedure: former section 632, which required a court to file written decisions on issues of fact within 30 days of submission of the cause; section 634, which stated a court "shall" not file its written findings until five days after service of the proposed findings; former section 57, which provides preference for probate and contested election cases on the calendar of appellate courts, and section 1264 which provided trial preference for eminent domain cases.

Nothing on the face of former section 661 nor anything in *Lorraine* demonstrates that statute was intended to protect a substantive right of litigants as opposed to their mere convenience.

In contrast, as previously pointed out, subdivision (a) goes beyond the consideration of convenience to protect a legislatively acknowledged substantive right to trial and to obtain a full measure of damages during the litigant's lifetime. While an abuse of discretion in refusing a continuance may result in an inconvenient trial date, an abuse of discre-

tion in denying trial preference to a litigant coming within the qualifications of subdivision (a) might forever deprive that litigant of the very substantive rights the statute is intended to protect. In the present case, the trial court's denial of preference to plaintiff because of the innovative litigation tactic of her counsel even now increases the risk plaintiff might lose the rights subdivision (a) is intended to protect.

The qualitative distinction between matters of convenience and those of substantive right requires the conclusion that where the Legislature enacts a law protecting a substantive right of litigants, that protection should not be frustrated or rendered meaningless by the general interest of the trial court in administering its trial calendar. This is especially so where the allegation of undue adverse consequences to other litigants is conclusionary and speculation.

The second case relied upon by real parties, *Thurmond* v. *Superior Court* (1967) 66 Cal.2d 836 [59 Cal.Rptr. 273, 4 P.2d 985], concerned construction of former Code of Civil Procedure section 595 which provided, in pertinent part, that "The trial of any civil action or proceeding ... or the hearing of any motion ... *shall* be postponed when it appears to the court ... that ... any attorney of record therein ... is a Member of the Legislature of this State and that the Legislature is in session [and trial or hearing may not be commenced earlier than 30 days succeeding adjournment of the Legislature]." (Italics added.) There the defendant was sued for the paternity of a yet unborn child and was served with an order to show cause re payment of related medical expenses and child support during pendency of the action. Hearing was set for March 22. Defendant's counsel was a member of the state Legislature, which was then in session. He obtained an ex parte order continuing the pendente lite motion hearing to July 12. Following the above stated reasoning of *Lorraine* v. *McComb, supra,* 220 Cal. 753, 756, *Thurmond* held that the provisions of former section 595 must have been intended as directory rather than mandatory because otherwise the statute would "materially impair or perhaps wholly destroy" the substantive right of the child and mother to obtain pendente lite support when it was urgently needed for the necessities of present care and birth of the child. *Thurmond* noted similar deprivation of substantive rights could result in the context of temporary support in domestic relations cases, cases seeking attachment and sale of perishable goods, cases for imposition of receivership on a failing business, and cases where the need for temporary restraining orders and prelimi-

nary injunctions present imminent loss of substantive rights. (At p. 839.)

Contrary to real parties' interpretation, *Thurmond* may be read as turning upon the consideration that despite a broad statute apparently favoring the convenience of state Legislators, trial courts have the power to regulate their own business where their ultimate purpose is to "safeguard the rights of all suitors before them." (At p. 839.) The *Thurmond* court clearly construed the broad statute against the risk that the substantive rights of the child and mother to immediate and necessary financial aid "would be materially impaired and perhaps destroyed by the imposition of any substantial continuance; neither the birth of the child nor its need for care and support can be postponed." (At p. 839.) The court concluded that the statute should be given effect whenever it can be "without unduly adversely affecting the rights of others." (At p. 840.) In the present case there is no showing that affording plaintiff preference would so adversely affect the rights of other litigants. Subdivision (e) of section 36 allows the trial court a maximum of 120 days from the granting of preference to the preferential trial date. This period appears ample to allow real parties to prepare for trial.

The third case cited by real parties is *Hays* v. *Superior Court* (1940) 16 Cal.2d 260 [105 Cal.Rptr. 975]. There the Supreme Court upheld the trial court's refusal to compel the deposition of a party pending an appeal from an order dismissing the action. Former Code of Civil Procedure section 2020 provided that parties may take depositions "at any time" while the action is pending. The *Hays* court characterized as long recognized the "inherent power" of the courts "to exercise a reasonable control over all proceedings connected with the litigation before it . . . in order to insure the orderly administration of justice." (At p. 264.) It acknowledged that section 2020 gives litigants certain rights relative to discovery, "[b]ut such right is not an absolute right but is a right which, like all rights relating to procedural matters, is qualified by the existence of the power of the court to exercise a reasonable control over the exercise of such right." (At p. 264.) Significantly for our present purposes, *Hays* distinguished prior cases holding to the contrary with the broad remark: "In other words, the trial court's action in each of said cases amounted to a denial of the right rather than a reasonable control over the exercise of the right." (At p. 267.) The court added that there was no showing that the proposed deponent "was the only witness who could testify to a material fact or that said witness was aged, infirm or

about to leave the jurisdiction. In short, there is no showing ... that there is any likelihood that a reasonable delay in taking of the deposition will result in denying to petitioner the right to take the deposition ...." (At p. 267.)

In significant contrast to *Hays, supra*, 16 Cal.2d 260, the purpose of section 36, subdivision (a) is to protect aged plaintiffs from loss of substantive rights due to passage of time. The statute is itself a legislative determination that that risk exists; its purpose is to safeguard against that risk.

It is true that section 36, subdivision (a), like subdivision (c), is intended to protect the same substantive right of litigants to have a trial and the opportunity to recover the just measure of their injuries, yet subdivision (c) expressly grants discretion to the trial court. But this disparate treatment is readily explained by recognizing that the age of a litigant is a fact easily established as a certainty while the degree of a party's physical disability and relationship to imminence of death is not. The courts should have discretion to review and reject sham medical reports that exaggerate the imminence of the death of a litigant to obtain trial preference. The statute confers that discretion.

Real parties also point to Code of Civil Procedure section 128, subdivision 3, as reserving to the courts the power "To provide for the orderly conduct of proceedings before it, or its officers." However, section 128 is a broad statute while section 36, subdivision (a) is narrow in scope, pertaining to a small class of litigants. Also, section 36 was enacted subsequent to section 128. Familiar rules of statutory construction require that section 36 be viewed as an intended exception to section 128. (58 Cal.Jur.3d, Statutes, § 109, pp. 488-489.) Also, section 36, subdivision (e) allows the trial court to set a trial date up to 120 days from hearing on the motion for preference. Given that section 36, subdivision (a) provides a substantive right to older litigants, trial courts are not unduly hampered in ordering their business when allowed such a period within which to set trial. Therefore, we cannot construe subdivision (a) as impermissibly infringing upon the administrative power of trial courts. As stated in 1 Witkin, California Procedure (2d ed. 1970) Courts, section 114, page 383, "[t]he Legislature has broad power to prescribe the procedure under which courts exercise their constitutional or statutory jurisdiction. [Citations.] [¶] Constitutional recognition of this power appears in Article VI, § 6, stating that the Judicial Council

may adopt rules for court administration and practice and procedure 'not inconsistent with statute.'"

Let a peremptory writ of mandate issue directing respondent forthwith to grant petitioner's motion in Los Angeles Superior Court case No. C 403331, entitled Lela B. Rice v. Times-Mirror Company et al., for preference pursuant to section 36, subdivision (a) of the Code of Civil Procedure.

Woods, P. J., and Amerian, J., concurred.