212 Cal.App.3d 218 (1989)
260 Cal. Rptr. 426
MICHAEL JONATHAN PETERS, a Minor, etc., et al., Petitioners,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; COUNTY OF LOS ANGELES et al., Real Parties in Interest.
Docket No. B041354.
Court of Appeals of California, Second District, Division Seven.
July 19, 1989.
*221 COUNSEL
Bruce G. Fagel and James R. McGrath for Petitioners.
No appearance for Respondent.
Bonne, Jones Bridges, Mueller, O'Keefe & Hunt, Richard G. Harris, Greines, Martin, Stein & Richland and Martin Stein for Real Parties in Interest.
OPINION
WOODS (Fred), J.
Petitioner seeks a writ of mandate ordering the trial court to grant him trial setting preference pursuant to Code of Civil Procedure section 36, subdivisions (b) and (f).[1] We grant the writ.

PROCEDURAL AND FACTUAL BACKGROUND
Michael Jonathan Peters, petitioner, was born on June 14, 1987, at Harbor UCLA Medical Center. He suffered severe neurological birth injuries.
*222 On September 21, 1987, his mother was appointed guardian ad litem and on that same day she filed a personal injury complaint on his behalf[2] against Los Angeles County (Harbor UCLA Medical Center) et al, alleging medical malpractice.
An at-issue memorandum was filed March 25, 1988, and on February 17, 1989, petitioner[3] filed a motion for trial setting preference pursuant to section 36, subdivisions (b) and (f).
On March 30, 1989, Los Angeles Superior Court Judge Kenneth W. Gale heard and denied the motion.
A petition for writ of mandate was filed April 13, 1989.
On April 18, 1989, this court stayed proceedings and issued an order to show cause why the March 30, 1989, order should not be vacated and the superior court ordered to grant petitioner trial setting preference pursuant to section 36, subdivisions (b) and (f).

CONTENTIONS
Real parties in interest contend:
1. Section 36, subdivision (b) is directory not mandatory.
2. Section 36, subdivision (b) violates the separation of powers doctrine.
3. Section 36, subdivision (b) violates equal protection.
4. Section 36, subdivision (b) violates due process.

DISCUSSION

1. Is section 36, subdivision (b) directory rather than mandatory?

Section 36,[4] subdivision (b) provides: "A civil case to recover damages for wrongful death or personal injury shall be entitled to preference upon the *223 motion of any party to the action who is under the age of 14 years unless the court finds that the party does not have a substantial interest in the case as a whole. A civil case subject to subdivision (a) shall be given preference over a case subject to this subdivision."
There is no dispute that petitioner is under 14 years of age and has a substantial interest in the case as a whole.
(1) In construing section 36, subdivision (a), structurally identical to and the model for subdivision (b), Rice v. Superior Court (1982) 136 Cal. App.3d 81, 86 [185 Cal. Rptr. 853] stated: "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature from a reading of the statute as a whole so as to effectuate its purpose. [Citations]. In this endeavor the court should first look to the plain dictionary meaning of the words of the statute and their juxtaposition by the Legislature. [Citation]. (2) The word `shall' is ordinarily `used in laws, regulations, or directives to express what is mandatory.' [Citation.] The word `may,' by contrast, is usually permissive and denotes `to have power.' [Citation.] Although the use of `shall' in a statute is not always to be construed as evidencing a mandatory legislative intention [citation], it has been held that where the Legislature employs the terms `shall' and `may' in different portions of the same statute, it must be concluded that the Legislature was aware of the different meanings of these words and intended them to denote mandatory and directory requirements, respectively. [Citations.] (3) A final rule applicable to facial evaluation of a statute is that *224 `every word, phrase or provision is presumed to have been intended to have a meaning and perform a useful function' [citation] and a statute should be so construed where possible [citation]."
(4a) Applying these rules of construction to section 36, subdivision (b) "compels the conclusion that the Legislature intended it to be mandatory." (Rice v. Superior Court, supra, 136 Cal. App.3d at pp. 86-87.)
In contrast to the use of "shall" in section 36, subdivisions (a) and (b), the Legislature used the term "may" in subdivisions (d) and (e), in each latter reference linking the word "may" with the phrase "in its discretion." Thus, the Legislature made unmistakably clear that motions for preference under subdivisions (d) and (e) were not mandatory. Equally clear, by the omission of the phrase "in its discretion" and by the use of "shall" instead of "may," is that subdivisions (a) and (b) were intended to be mandatory.
Moreover, prior to the addition of subdivision (b) to section 36 in 1988, subdivision (a), structurally identical to subdivision (b), had been construed as mandatory (Rice v. Superior Court, supra, 136 Cal. App.3d 81) and absolute (Koch-Ash v. Superior Court (1986) 180 Cal. App.3d 689 [225 Cal. Rptr. 657]). (5) "It is a well-established principle of statutory construction that when the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction." (Marina Point, Ltd. v. Wolfson (1982) 30 Cal.3d 721, 734 [180 Cal. Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161].)
(4b) Finally, to construe section 36, subdivision (b) as directory or discretionary would, in light of the all encompassing discretion conferred by subdivision (e) (see fn. 4), deprive it of meaning and function.
We hold that section 36, subdivision (b) is mandatory.

2. Does section 36, subdivision (b) violate the separation of powers doctrine?

(6) Real parties in interest assert that section 36, subdivision (b), if mandatory, violates the separation of powers doctrine, citing Lorraine v. McComb (1934) 220 Cal. 753 [32 P.2d 960], Thurmond v. Superior Court (1967) 66 Cal.2d 836 [59 Cal. Rptr. 273, 427 P.2d 985], and Hays v. Superior Court (1940) 16 Cal.2d 260 [105 P.2d 975]. This argument and the three cited cases were thoroughly considered in Rice v. Superior Court, supra, 136 Cal. App.3d 81, 89-94. That court concluded, as do we, that "no case has held that the Legislature is absolutely precluded from enacting statutes *225 regulating court procedure. To the contrary, article VI, section 6 of the California Constitution directly empowers the Judicial Council to formulate rules `for court administration, practice and procedure not inconsistent with statute.' This provision implicitly confers upon the Legislature power to enact the underlying statutes with which Judicial Council rules must be consistent." (Id., at p. 89. See also Mann v. Cracchiolo (1985) 38 Cal.3d 18, 29 [210 Cal. Rptr. 762, 694 P.2d 1134]; People v. Wright (1982) 30 Cal.3d 705, 712 [180 Cal. Rptr. 196, 639 P.2d 267]; Iverson v. Superior Court (1985) 167 Cal. App.3d 544, 547-548 [213 Cal. Rptr. 399]; Albermont Petroleum, Ltd. v. Cunningham (1960) 186 Cal. App.2d 84, 93 [9 Cal. Rptr. 405].) Many other statutes similarly affect court calendaring (e.g., Pen. Code, §§ 1048, 1048.1, 1050, subd. (a); Gov. Code, § 65907; Code Civ. Proc., §§ 37 and 526a).
We conclude that section 36, subdivision (b) does not violate the separation of powers doctrine.

3. Does section 36, subdivision (b) violate equal protection?

(7a) Real parties in interest contend that section 36, subdivision (b) violates equal protection (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7), i.e., by granting preference to the under-14-year-old class, the statute unconstitutionally discriminates against the 14- to 69-year-old class.
Real parties in interest, although not members of the claimed discriminated-against class, assert their right to press their claim (But see United States v. Raines (1960) 362 U.S. 17, 21 [4 L.Ed.2d 524, 529, 80 S.Ct. 519]; Rubio v. Superior Court (1979) 24 Cal.3d 93, 103 [154 Cal. Rptr. 734, 593 P.2d 595]; In re Cregler (1961) 56 Cal.2d 308, 313 [14 Cal. Rptr. 289, 363 P.2d 305]) on two grounds. First, because it will be impossible or impractical for any member of the discriminated-against class to assert the claim[5] (Eisenstadt v. Baird (1972) 405 U.S. 438 [31 L.Ed.2d 349, 92 S.Ct. 1029]; N.A.A.C.P. v. Alabama (1958) 357 U.S. 449, 458-459 [2 L.Ed.2d 1488, 1497-1498, 78 S.Ct. 1163]; Quong Ham Wah Co. v. Industrial Acc. Com. (1920) 184 Cal. 26, 30 [192 P. 1021, 12 A.L.R. 1190]) and second because petitioner failed to present a "no standing" objection to the trial court. (Gyerman v. United States Lines Co. (1972) 7 Cal.3d 488, 499 [102 Cal. Rptr. 795, 498 P.2d 1043]; Ernst v. Searle (1933) 218 Cal. 233, 240-241 [22 P.2d 715]; Signal Hill Aviation Co. v. Stroppe (1979) 96 Cal. App.3d 627, 638 [158 Cal. Rptr. 178].)
*226 Assuming, without deciding, that real parties in interest may assert this violation of equal protection we next consider by what standard of review to evaluate the questioned statute.
There are two tests. (8) When a statute involves a "suspect classification" or touches on a "fundamental interest," a strict scrutiny test is used. (D'Amico v. Board of Medical Examiners (1974) 11 Cal.3d 1, 17 [112 Cal. Rptr. 786, 520 P.2d 10].) Here "the state bears the burden of establishing not only that it has a compelling interest which justifies the law but that the distinctions drawn by the law are necessary to further its purpose." (Westbrook v. Mihaly (1970) 2 Cal.3d 765, 785 [87 Cal. Rptr. 839, 471 P.2d 487], original italics.)
(9) A statute offering trial setting preference to certain minors under 14 years of age does not involve a "suspect classification" nor is obtaining an earlier rather than a later trial date a "fundamental interest." (Cf. Candid Enterprises, Inc. v. Grossmont Union High School Dist. (1985) 39 Cal.3d 878, 890 [218 Cal. Rptr. 303, 705 P.2d 876]; Bib'le v. Committee of Bar Examiners (1980) 26 Cal.3d 548, 555 [162 Cal. Rptr. 426, 606 P.2d 733]; Hale v. Morgan (1978) 22 Cal.3d 388, 395 [149 Cal. Rptr. 375, 584 P.2d 512].) Therefore the strict scrutiny test is inappropriate.
(10) The other test is "the basic and conventional standard for reviewing economic and social welfare legislation in which there is a `discrimination' or differentiation of treatment between classes or individuals." (D'Amico v. Board of Medical Examiners, supra, 11 Cal.3d 1, 16.) Here the court exercises restraint, "investing legislation with a presumption of constitutionality and requiring merely that distinctions drawn by a challenged statute bear some rational relationship to a conceivable legitimate state purpose." (Westbrook v. Mihaly, supra, 2 Cal.3d 765, 784.) (11) "Moreover, the burden of demonstrating the invalidity of a classification under this standard rests squarely upon the party who assails it." (D'Amico v. Board of Medical Examiners, supra, 11 Cal.3d 1, 17.)
(7b) Real parties in interest have not sustained their burden. Clearly, insuring timely court access to children under 14 who have suffered personal injury or parental death is a legitimate legislative purpose. (12), (7c) And considering that the "Legislature need not address all facets of a problem at once, or at all, but may deal with particular parties and issues in accordance with priorities satisfying to itself" (Hale v. Morgan, supra, 22 Cal.3d 388, 395), there is a rational relationship between this purpose and section 36, subdivision (b). The statute does not violate equal protection.

*227 4. Does section 36, subdivision (b) violate due process?

(13) Real parties in interest's due process argument is that section 36, subdivisions (b) and (f) deprive a defendant of adequate time to prepare for trial. An under-14-year-old prospective plaintiff, real parties in interest speculate, may leisurely secure experts, prepare for trial and then spring a subdivision (b) preference motion, forcing a trial date within 120 days or at most 135 days (§ 36, subd. (f)).
But real parties in interest do not claim, nor did real parties in interest claim to the trial court, that if petitioner's trial setting preference motion was granted they would have inadequate time to prepare for trial. Therefore, real parties in interest have no standing to raise this due process claim. "The rule is well established ... that one will not be heard to attack a statute on grounds that are not shown to be applicable to himself...." (In re Cregler, supra, 56 Cal.2d 308, 313.) Real parties in interest do not suggest that any exception to this rule applies.
We therefore decline to consider real parties in interest's due process argument.

DISPOSITION
Let a peremptory writ of mandate issue directing respondent superior court to forthwith vacate its March 30, 1989, order in Los Angeles Superior Court case No. SCC018254 denying petitioner's motion for preference pursuant to section 36, subdivision (b) and to enter a new and different order granting said motion. Costs on appeal are awarded to petitioners.
Lillie, P.J., and Johnson, J., concurred.
The petition of real parties in interest for review by the Supreme Court was denied October 12, 1989.
NOTES
[1] Unless otherwise noted all statutory references are to the Code of Civil Procedure.
[2] She is also a plaintiff as is Michael's father.
[3] For convenience, a reference which includes all three plaintiffs and petitioners.
[4] "(a) A civil case shall be entitled to preference upon the motion of any party to the action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole.

"(b) A civil case to recover damages for wrongful death or personal injury shall be entitled to preference upon the motion of any party to the action who is under the age of 14 years unless the court finds that the party does not have a substantial interest in the case as a whole. A civil case subject to subdivision (a) shall be given preference over a case subject to this subdivision.
"(c) Unless the court otherwise orders, notice of a motion for preference shall be served with the memorandum to set or the at-issue memorandum by the party serving the memorandum, or 10 days after such service by any other party; or thereafter during the pendency of the action upon the application of a party who reaches the age of 70 years.
"(d) In its discretion, the court may also grant a motion for preference served with the memorandum to set or the at-issue memorandum and accompanied by clear and convincing medical documentation which concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and which satisfies the court that the interests of justice will be served by granting such preference.
"(e) Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference served with the memorandum to set or the at-issue memorandum and accompanied by a showing of cause which satisfies the court that the interests of justice will be served by granting such preference.
"(f) Upon the granting of such a motion for preference, the clerk shall set the case for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. No such continuance shall be for more than 15 days, nor shall more than one such continuance be granted to any party."
[5] The argument is: under-14-year-old plaintiffs sue defendants and therefore 14- to 69-year-old plaintiffs will never be a party to the suit and hence have no opportunity to object.