[No. C006466. Third Dist. Mar. 28, 1990.]

JUDITH GRANQUIST, as Special Administrator, etc., Plaintiff and Appellant, v.
DANIEL H. SANDBERG, Defendant and Respondent.

**COUNSEL**

Dwight Bishop, Bishop & Frick, Martha F. Bartkiewicz and Bryce C. Anderson for Plaintiff and Appellant.

Lisa K. Hightower, Heron, Burchette, Ruckert & Rothwell, James R. Kirby II and Segal & Kirby for Defendant and Respondent.

**OPINION**

**EVANS, Acting P. J.**—In this legal malpractice action, the personal representative of the estate of Robert Badal (plaintiff) appeals from a judgment in favor of Attorney Daniel H. Sandberg (defendant) entered after defendant's demurrer to plaintiff's second amended complaint was sustained without leave to amend. We reverse.

A demurrer challenges only the legal sufficiency of the complaint, not the truth of its factual allegations or the plaintiff's ability to prove those allegations. (*Perdue* v. *Crocker National Bank* (1985) 38 Cal.3d 913, 922 [216 Cal.Rptr. 345, 702 P.2d 503].) The complaint must be liberally construed and given a reasonable interpretation, with a view to substantial

justice between the parties. (*Amarel* v. *Connell* (1988) 202 Cal.App.3d 137, 140-141 [248 Cal.Rptr. 276].) ■ We treat as true not only the complaint's material factual allegations, but also facts which may be implied or inferred from those expressly alleged. (*Id.*, at p. 141.)

In the second amended complaint, plaintiff alleged two causes of action. The first cause of action alleged that defendant negligently failed to set Mr. Badal's lawsuit for trial under Code of Civil Procedure section 36, subdivision (a) (hereafter § 36(a)) prior to Mr. Badal's death.[1] The second cause of action alleged essentially that defendant intentionally failed to notify plaintiff of a settlement offer made after Mr. Badal's death.[2]

As to the first cause of action, plaintiff specifically alleges that on or about August 3, 1984, Mr. Badal retained defendant to represent him in a personal injury action against the designer, manufacturer, and retailer of a portable telephone that caused injuries to Mr. Badal's left ear. Defendant agreed to represent Mr. Badal, knowing that Mr. Badal was over the age of 70 and (it can be inferred from express allegations) in poor health. Defendant filed a complaint on Mr. Badal's behalf and received answers from all defendants to the complaint and to all cross-complaints on or before May 15, 1985. For approximately nine months after the lawsuit was ready to be placed formally at issue, defendant took no steps to preferentially set the case for trial under section 36(a), despite knowledge of Mr. Badal's age and health. On December 19, 1985, Mr. Badal died. On March 26, 1986, defendant received a settlement offer in Mr. Badal's case encompassing $47,500 in general damages.[3]

■ The trial court sustained defendant's demurrer on the basis of Probate Code section 573, subdivision (c) (hereafter § 573(c)), reasoning that Mr. Badal had not sustained or incurred any damages prior to death

---

[1] Subdivisions (a) and (f) of section 36 provide: "(a) A civil case shall be entitled to preference upon the motion of any party to the action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole."

"(f) Upon the granting of such a motion for preference, the clerk shall set the case for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. No such continuance shall be for more than 15 days, nor shall more than one such continuance be granted to any party."

[2] Only the first cause of action is in issue on this appeal. Plaintiff concedes that *Estate of Watts* (1984) 162 Cal.App.3d 1160, 1163, [208 Cal.Rptr. 846] precludes the second cause of action.

[3] Defendant concedes on appeal that the defendants in the personal injury action were unaware at the time they made their March 1986 settlement offer that Mr. Badal was dead. The surviving special damages in the underlying tort action were subsequently settled. (See Prob. Code, § 573, subd. (c); fn. 4, *post*, p. 185.)

and that Mr. Badal's tort action survived his death save for pain, suffering, and disfigurement damages.[4]

The trial court was wrong; section 573 does not apply in this instance; section 573 applies only "Where a person having a cause of action dies before judgment. . . ." Neither Badal nor the administrator had a cause of action for malpractice before Badal died because Badal had suffered no damage from the failure to set for trial. Badal's (or his administrator's) action for malpractice was created upon his death, just as an action for failure to make a will would be so created. Since section 573 does not apply, the only question is whether the administrator can pursue the claim on Badal's behalf. We conclude she may.

The basic flaw in the trial court's reasoning is that we are not dealing with the survivability of Mr. Badal's tort action but with the birth of a legal malpractice action arising from defendant's alleged negligence in failing to set Mr. Badal's lawsuit for trial under section 36(a) prior to Mr. Badal's death. Section 573(c) expresses a general public policy that a personal representative of a deceased tort victim is not entitled to recover pain, suffering, or disfigurement damages in the surviving tort action. Section 36(a), however, expresses a public policy more specifically tailored to this case—a policy of safeguarding litigants at least 70 years of age against the legislatively acknowledged risk that death might deprive them of the opportunity to have their case effectively tried and the opportunity to recover appropriate damages. (*Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81, 88-89 [185 Cal.Rptr. 853]; *Koch-Ash* v. *Superior Court* (1986) 180 Cal.App.3d 689, 698-699 [225 Cal.Rptr. 657]; *Swaithes* v. *Superior Court* (1989) 212 Cal.App.3d 1082, 1085-1086 [261 Cal.Rptr. 41].) ▆ As stated in *Rice*: "[T]he purpose of [section 36(a) is] to safeguard [] litigants beyond a specified age against the legislatively acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and the opportunity to recover their just measure of damages or appropriate redress. The present action is illustrative of the substantive character of the right conferred by subdivision (a). [Former] Probate Code section 573 provides that, 'When a person having a cause of action dies before judgment, the damages recoverable by his executor or administrator are limited to such loss or damage as the decedent sustained or incurred prior to his death, and shall *not* include damages for pain, suffering or disfigurement.' (Italics added.) . . . There can be no dispute that entitlement to a

---

[4]Section 573(c) provides: "Where a person having a cause of action dies before judgment, the damages recoverable by his or her personal representative are limited to the loss or damage the decedent sustained or incurred prior to death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived but not including any damages for pain, suffering, or disfigurement."

preferential trial date safeguards a substantive right to recover damages for pain, suffering and disfigurement." (136 Cal.App.3d at p. 89.)

*Swaithes* noted that section 36(a) confers an "absolute substantive right" that is mandatory and not limited solely to nonsurvivable claims: "Real Parties assert that section 36, subdivision (a), is applicable only to claims which do not survive the death of a claimant, arguing that any rights petitioners have in decedent's estate will pass to their beneficiaries or heirs in the event of petitioners' death prior to trial. There is absolutely no basis for such an interpretation in the legislative history, case law, or logic. Elderly litigants are clearly entitled to have their cases effectively tried and to the opportunity to enjoy *during their own lifetime* any benefits received." (212 Cal.App.3d at pp. 1085-1086, italics in original.)

▉▉▉ Is plaintiff's legal malpractice action simply an "end-around" section 573(c) as defendant's arguments imply? We think not.

As noted previously, we are not concerned with the *survivability* of Mr. Badal's underlying *personal injury action.* Section 573(c) concerns such survivability. Section 36(a) confers a substantive and mandatory right upon qualified litigants. (*Rice* v. *Superior Court, supra,* 136 Cal.App.3d at pp. 86-89; *Swaithes* v. *Superior Court, supra,* 212 Cal.App.3d at pp. 1085-1086.) ▉▉▉ The purpose of section 36(a) is to have trial attorneys with clients at least 70 years old move those cases to trial before the clients die. ▉▉▉ It would be anomalous indeed to hold that the death of such a client, *as a matter of law, insulates* his dilatory trial attorney from liability based upon a failure to use section 36(a). Such a holding would make a mockery of the substantive public policy legislatively acknowledged in section 36(a). Furthermore, the facts alleged here cannot logically accommodate the application of both section 36(a) and section 573(c). Applying the two sections would mean that this legal malpractice action both materialized *and* evaporated at Mr. Badal's death.

From *Rice* and its progeny, we know Mr. Badal lost the following substantive rights through defendant's alleged negligence: (1) the opportunity to have his case effectively tried during his lifetime; and (2) the opportunity to recover his just measure of damages. As this court noted in *Carr* v. *Progressive Casualty Ins. Co.* (1984) 152 Cal.App.3d 881, 888-891 [199 Cal.Rptr. 835], rights which are immature during a decedent's lifetime may ripen into an actionable claim following his death. Carr brought a *Royal Globe* suit against an insurer for a bad faith refusal to settle Carr's suit

against the insured. (At p. 887.)[5] Carr died before his action against the insured was concluded; his personal representative was substituted into both lawsuits. The insurer successfully demurred in the bad faith suit, arguing that a *Royal Globe* cause of action does not arise until the action against its insured is concluded; since Carr died before this event, his bad faith cause of action died with him. (*Ibid.*) We reversed, noting that if the insurer's interpretation were correct, then a cause of action which arose after the decedent's death would never give rise to actionable rights in his personal representative. (At p. 888.)

If immature rights can ripen into a cause of action following death, a fortiori, such rights can ripen into an action at death.

█ Our holding also comports with the general rule of damages that when an attorney's negligence "lies in his failure to press a meritorious claim, the measure of damages is the value of the claim lost." (*Smith* v. *Lewis* (1975) 13 Cal.3d 349, 361-362 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231].) As noted by two leading commentators in the legal malpractice field: "If the injury occurred because of negligence in handling litigation, the measure of direct damage is the difference between the amount of the actual judgment obtained and the judgment which should have been recovered." (Mallen and Smith, Legal Malpractice (3d ed. 1989) § 16.1, p. 890.)[6]

█ Viewing the facts alleged in plaintiff's second amended complaint in light of the legal analysis above, we conclude plaintiff has stated a cause of action for legal malpractice against defendant. As alleged or inferred from express allegations, defendant began representing Mr. Badal in August 1984 on a personal injury claim. Mr. Badal's case was at issue on or before May 15, 1985. At all relevant times, defendant knew Mr. Badal was over 70 years of age and in poor health. Despite this knowledge, defendant failed to move for a preferential trial date under section 36 for nearly nine months after the case was at issue; had defendant moved to set Mr. Badal's case for trial under section 36 when the case became at issue or even within five months thereafter, the case could have gone to trial prior to Mr. Badal's death on December 19, 1985. (See § 36, subds. (a), (f).) A settlement offer encompassing a substantial amount of general damages was made soon after Mr. Badal died by parties unaware of his death. Based on these allegations,

---

[5] *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], overruled in *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58].

[6] The judgment which should have been recovered could have included damages for pain and suffering. The cause of action here asks damages to reflect the loss of that judgment, not direct damages for pain, suffering, or disfigurement.

we conclude that Mr. Badal's estate has stated a cause of action premised on defendant's negligence in failing to set Mr. Badal's lawsuit for trial under section 36(a) prior to Mr. Badal's death.

The judgment is reversed. The parties shall bear their own costs on appeal.

Sims, J., and Marler, J., concurred.

A petition for a rehearing was denied April 24, 1990, and respondent's petition for review by the Supreme Court was denied July 25, 1990. Mosk, J., was of the opinion that the petition should be granted.