[No. B031696. Second Dist., Div. Seven. Feb. 10, 1988.]

RIFKA VINOKUR, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
DENNIS AZEVEDO et al., Real Parties in Interest.

COUNSEL

Herbert L. Michel, Jr., for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Parties in Interest.

OPINION

THE COURT.*—Petitioner Rifka Vinokur, the 75-year-old plaintiff in a personal injury action against real parties, prays for a writ of mandate compelling the respondent superior court to grant her motion for trial preference made pursuant to section 36 of the Code of Civil Procedure.[1] Our task is to resolve a conflict between the substantive right to a preferential trial date afforded by section 36, and the provisions for compulsory arbitration contained in section 1141.11. We have notified the parties we may elect to issue a peremptory writ in the first instance (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]), and have afforded the real parties and the respondent an opportunity to oppose the petition. Real parties have advised the court they will not oppose the petition. We have read and considered the opposition to the petition filed by the respondent. As will appear, we have concluded petitioner is entitled to relief, and this is a proper case for the issuance of a peremptory writ in the first instance. (§ 1088.)

FACTS

The facts essential to a determination of the issue presented are few and undisputed. Petitioner moved for preferential trial setting pursuant to section 36, which provides in relevant part as follows: "(a) A civil case shall be entitled to preference upon the motion of any party to such action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole.

". . . . . . . . . . . . . . . . . . .

"(e) Upon the granting of such a motion for preference, the clerk shall set the case for trial not more than 120 days from that date and there shall be

---

* Lillie, P. J., Thompson, J., and Johnson, J.
[1] All further references are to the Code of Civil Procedure.

no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. No such continuance shall be for more than 15 days, nor shall more than one such continuance be granted to any party."

On December 8, 1987, the respondent heard and denied petitioner's motion, and instead ordered the matter submitted to arbitration pursuant to subdivision (a) of section 1141.11.[2] The respondent acknowledged a conflict between section 36 ("a civil case shall be entitled to preference"; "the clerk shall set the case for trial [within] 120 days") and section 1141.11 ("actions . . . shall be submitted to arbitration . . . if the amount in controversy . . . will not exceed [$25,000]"), and determined the arbitration statute controls.

## DISCUSSION

In *Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81 [185 Cal.Rptr. 853] the court held section 36 has the purpose of protecting a legislatively acknowledged substantive right of older litigants to trial and to obtain a full measure of damages during the litigant's lifetime; as a matter of statutory construction the provision must be deemed to be mandatory and absolute in its application; and, such construction does not impermissibly violate inherent powers of trial courts to regulate the order of their business. In *Koch-Ash* v. *Superior Court* (1986) 180 Cal.App.3d 689, 694 [225 Cal.Rptr. 657] the court further elucidated: ". . . as to section 36 matters, no discretion is left to trial courts. *Rice* validated the constitutionality of section 36 in its narrow restriction of judicial administrative autonomy. It also found that section 36 manifested the legislative determination that the specified age of 70 conclusively demonstrates the need for a preferential trial date to avoid an irrevocable loss of a qualifying plaintiff's substantive right to trial during his or her lifetime and to potential recovery of damages that would not survive plaintiff's pretrial death."

In contrast with the clear purpose of section 36 of safeguarding a substantive right of a clearly defined class of litigants, the Judicial Arbitration Act (§ 1141.10 et seq.) was enacted to provide a procedure for the efficient resolution of minor civil disputes, thereby easing an increasing burden on our courts. Section 1141.10, entitled "Legislative findings and declarations

[2] Section 1141.11, subdivision (a) as in effect in December 1987 provided as follows: "(a) In each superior court with 10 or more judges, all at-issue civil actions pending on or filed after the operative date of this chapter shall be submitted to arbitration, by the presiding judge or the judge designated, under this chapter if the amount in controversy in the opinion of the court will not exceed twenty-five thousand dollars ($25,000) for each plaintiff, which decision shall not be appealable."

and intent," reads in part: "(a) The Legislature finds and declares that litigation involving small civil claims has become so costly and complex as to make more difficult the efficient resolution of such civil claims that courts are unable to efficiently resolve the increased number of cases filed each year, and that the resulting delays and expenses deny parties their right to a timely resolution of minor civil disputes. The Legislature further finds and declares that arbitration has proven to be an efficient and equitable method for resolving small claims, and that courts should encourage or require the use of arbitration for such actions whenever possible.

"(b) It is the intent of the Legislature that: [¶] (1) Arbitration hearings held pursuant to this chapter shall provide parties with a simplified and economical procedure for obtaining prompt and equitable resolution of their disputes. . . ."

The instant case thus presents a conflict between a statute enacted in order to ensure that senior litigants do not lose the right to have their cases litigated because of delays in setting trial dates (see *Greenblatt* v. *Kaplan's Restaurant* (1985) 171 Cal.App.3d 991 [217 Cal.Rptr. 746]), and another statute intended principally as a device for easing a growing burden on our courts and to be encouraged or required "whenever possible." Under these circumstances section 36, which is "mandatory and absolute in its application," is unquestionably the controlling authority, and the competing interest of the arbitration statute must yield in order to ensure older litigants have their day in court. Notwithstanding the simplified and often efficient procedures of the arbitration mechanism, a party who is dissatisfied with an arbitration award retains the right to have a de novo trial (§ 1141.20), in which case the trial date will be set far beyond 120 days from the date the case was ordered into arbitration. Moreover, we find no convincing reason to accord trial preference to parties over age 70 when the amount in controversy exceeds $50,000,[3] while denying the right simply because less money is at stake.

We thus conclude there can be no inroads into the mandate of section 36, hence the filing of a motion for preference by a qualified litigant creates a situation in which the use of arbitration is not possible. (See § 1141.10. subd. (a): ". . . courts should encourage or require the use of arbitration . . . whenever possible.")

In view of the foregoing, we conclude petitioner is entitled to relief. Petitioner's motion for preference should have been granted December 8, 1987, entitling her to a trial date within 120 days thereafter.

---

[3] Section 1141.11 was amended in 1987 to increase the amount of controversy limit to $50,000.

## DISPOSITION

Let a peremptory writ of mandate issue commanding the respondent Los Angeles County Superior Court to grant petitioner's motion for trial preference, and to set case number C629030 for trial on or before April 6, 1988. Good reason appearing, this opinion shall be deemed final as to this court five (5) days from the date hereof. (Cal. Rules of Court, rule 24(c).)