[No. A048850. First Dist., Div. One. Apr. 17, 1990.]

MILDRED SPROWL, Individually and as Administratrix, etc., Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
RAYMARK INDUSTRIES, INC., et al., Real Parties in Interest.

**COUNSEL**

Carlson & Husick for Petitioner.

No appearance for Respondent.

Brobeck, Phleger & Harrison and Thomas M. Peterson for Real Parties in Interest.

## OPINION

**STEIN, J.**—Petitioner, granted a trial preference pursuant to Code of Civil Procedure section 36, subdivision (a),[1] seeks to compel respondent to set an immediate date for her trial. (§ 36, subd. (f).) As will be seen, we grant the requested relief.

The history of the case is not in dispute.

Petitioner is the plaintiff in a suit against various asbestos manufacturers. Her motion for trial preference (§ 36, subd. (a)) was granted on June 13, 1988. A trial date was set for September 6, 1988; however, no courtroom was available; a second trial date of October 24, 1988, was set. While that date was beyond the 120 days specified by section 36, subdivision (f), for the setting of a trial with preference, or the 15 days for continuance, petitioner acquiesced without waiving her right, apparently attempting to cooperate with respondent superior court's efforts to accommodate its extensive criminal case load and its equally heavy backlog of asbestos personal injury cases. Similar continuances occurred thereafter, with trial dates of January 30, 1989, April 10, 1989, August 14, 1989, and October 2, 1989, being vacated.

In most instances, petitioner was notified by mail that the court had no trial departments available. In October of 1989, however, petitioner's attorney appeared, but an asbestos personal injury action with no trial preference was assigned to a courtroom—instead of petitioner's case or others for whom preference had been granted—apparently because it was anticipated to last only a few days.

On October 2, 1989, a new date of February 5, 1990, was set. When petitioner was given notice by respondent that that date, too, was vacated, she immediately filed a motion for reconsideration. In that motion, she objected to further continuance and requested a trial date in accordance

---

[1] Unless otherwise indicated, further statutory references are to the Code of Civil Procedure. As relevant here, section 36 provides: "(a) A civil case shall be entitled to preference upon the motion of any party to the action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole.

". . . . . . . . . . . . . . . . . . . .

"(f) Upon the granting of such a motion for preference, the clerk shall set the case for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. No such continuance shall be for more than 15 days, nor shall more than one such continuance be granted to any party."

with section 36, subdivision (f). Respondent denied her motion and continued the matter to May 7, 1990. This petition followed.

*Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81 [185 Cal.Rptr. 853] and subsequent cases are dispositive of the question of petitioner's entitlement to a trial date. Holding that the requirements of section 36, subdivisions (a) and (f) are mandatory, *Rice* observed that damages for pain, suffering and disfigurement do not survive a plaintiff's death and explained that the Legislature intended to protect a substantive right to such damage claims for specified litigants. (*Rice, supra*, at pp. 88-89, 90-91.) And, *Rice* concluded that the section did not interfere with the inherent power of courts to regulate their affairs. (*Id.* at pp. 89-94.)

In *Rice*, the plaintiff had been granted a preferential trial date, but on the day of trial had sought a one-week continuance. When the trial judge denied the continuance, plaintiff dismissed the case, subsequently refiling it and again seeking preference. The Court of Appeal ordered the trial court to again grant the plaintiff a preferential trial date.

*Rice* has been consistently followed. *Koch-Ash* v. *Superior Court* (1986) 180 Cal.App.3d 689 [225 Cal.Rptr. 657] held that it was an abuse of discretion to continue trials of plaintiffs who had been granted preferences even though a pending appeal of a related case would likely be dispositive of plaintiffs' claims, and despite the fact that plaintiffs had previously agreed to allow the related case to be tried first. In doing so, the Court of Appeal observed: "We are mindful of and appreciate that respondent's ruling was based upon its view that it was striking a fair balance between these plaintiffs' rights to a section 36 preferential trial and the 'interest of the court to avoid potentially wasteful serial trials.' [¶] However, respondent had no discretion to so balance interests." (*Id.* at p. 698; see, also, *Vinokur* v. *Superior Court* (1988) 198 Cal.App.3d 500 [243 Cal.Rptr. 683] holding that § 36 controls over conflicting provisions of § 1141.11, subd. (a), and *Swaithes* v. *Superior Court* (1989) 212 Cal.App.3d 1082 [261 Cal.Rptr. 41] applying the section to probate proceedings.) Most recently, *Granquist* v. *Sandberg, ante,* page 181 [268 Cal.Rptr. 109] held that the estate of a person whose attorney failed to seek a section 36 preference could sue that attorney for malpractice.

The record indicates that respondent faces a serious shortage of judicial resources. Statistically, Solano County should have 13 superior court judges; it has 6. Respondent has scheduled civil cases in a fashion that will

insure the availability of open courtrooms for criminal cases facing mandatory dismissal (Pen. Code, § 1382) with the result that only short civil cases normally go to trial. (The estimated length of petitioner's trial is 30 days.) ██ ██ █ ██ There is no evidence, however, that when respondent denied petitioner's motion, all of its trial departments were engaged in trials of criminal cases facing dismissal under section 1382, or civil cases with trial preferences ahead of petitioner's.[2]

Real party responds with citation to section 594a, authorizing a trial court to postpone a trial when no courtrooms are available and section 11.5 of the California Standards of Judicial Administration, which urges resetting such cases for a date certain. The record indicates that the practice of written notices of continuance to a date certain has saved petitioner (and other asbestos litigation plaintiffs) the waste of attorney time (and money) which would have resulted had attorneys appeared on the date set for trial, only to have the matter trail indefinitely to await an open court. But as we have seen (*Rice, supra*, 136 Cal.App.3d 81), section 36 is mandatory, leaving no room for such courtesy and no discretion to the court.

We are mindful of the virtually impossible task facing respondent superior court in its diligent effort to manage a voluminous increase in criminal and civil cases—many of the latter with section 36 preferences—without a corresponding growth in the number of judicial positions funded by the Legislature. But "[i]f trial courts believe that certain exceptions to section 36 are necessary . . . their remedy lies in persuading the Legislature to amend the absolute language" of the section. (*Koch-Ash* v. *Superior Court, supra*, 180 Cal.App.3d at p. 699.)

We have reached our decision after notice to all parties that we might act by issuing our peremptory writ in the first instance. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue commanding respondent Solano County Superior Court in its No. V18922, Sprowl v. Raymark Industries, Inc., et al., to vacate its order continuing the case for trial to May 7, 1990, and to instead enter its order setting the case for trial on a date

---

[2] Chronic congestion, of course, is not "good cause" to continue a criminal case otherwise facing mandatory dismissal under Penal Code section 1382. (See *Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772, 782 [200 Cal.Rptr. 916, 677 P.2d 1206]; *Arreola* v. *Municipal Court* (1983) 139 Cal.App.3d 108, 113-114 [188 Cal.Rptr. 529].) Thus, the fact of a civil case in process might not be good cause to fail to timely bring a criminal case to trial. We note, however, that a civil case in process may be continued to accommodate a criminal case. (See, e.g., *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762, 765 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833].)

not more than 15 days from the date of issuance of the remittitur herein. This opinion is final as to this court immediately. (Cal. Rules of Court, rule 24(d).)

Racanelli, P. J., and Newsom, J., concurred.