[No. A048680. First Dist., Div. Two. June 29, 1990.]

DANIEL C. MILLER, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
SIMPSON, FAIR & RINALDO, Real Party in Interest.

---

**COUNSEL**

Burton McGovern, Mark D. Greenberg and Daniel C. Miller for Petitioner.

Victor J. Westman, County Counsel, and Edward Lane, Jr., Deputy County Counsel, for Respondent.

John K. Van de Kamp, Attorney General, and Richard C. Jacobs, Assistant Attorney General, as Amicis Curiae on behalf of Respondent.

Murphy, Pearson, Bradley & Feeney, Michael P. Bradley and Kevin M. Sullivan for Real Party in Interest.

---

**OPINION**

**PETERSON, J.**—Petitioner is a litigant who has been granted a trial preference under Code of Civil Procedure section 36, subdivision (a) (section 36(a)) because he is over 70 years of age. Despite that preference, the trial court has repeatedly been unable to send the case involving appellant to trial due to the unavailability of a courtroom. It appears that, realistically, his case may never actually receive any benefit from the statutory preference due to court congestion. Petitioner contends his statutory preference entitles him to precedence over the trial of any other civil actions, including those which are part of the program established by the trial court pursuant to the Trial Court Delay Reduction Act of 1986, Government Code section 68600 et seq.

Relying in part on the recent decision of Division One of this district in *Sprowl v. Superior Court* (1990) 219 Cal.App.3d 777 [268 Cal.Rptr. 592], and a host of other precedents which have granted relief in analogous circumstances, we agree with petitioner and hold that his statutory preference under section 36(a) entitles him to a courtroom prior to any

other civil action lacking such a preference, including such actions assigned to the trial court's delay reduction program. While we recognize our holding may impair some goals of the delay reduction program, it is compelled because in section 36(a) the Legislature has granted petitioner, and others similarly situated, a statutory preference over other civil actions, and has refrained from specifically subordinating the preference given section 36(a) cases to that of civil actions assigned to a delay reduction program.

We, therefore, grant the requested relief to petitioner; and direct the trial court to accord petitioner's action precedence of trial over other civil actions lacking a statutory preference, including those assigned to its delay reduction program.

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts are not in dispute. Petitioner is involved in litigation involving his claims of legal malpractice against real party in interest. Petitioner is over the age of 70. After certain proceedings in the trial court not here relevant, his second motion for trial preference based upon the provisions of section 36(a) was granted by the trial court on November 16, 1988. Trial was set to commence on February 6, 1989. All parties appeared for trial, but the trial court was unable to provide a courtroom; and the matter was, therefore, continued by the trial court to August 21, 1989. When the case was called in August of 1989, again no courtroom was available; the matter was continued to February of 1990, later changed to March of 1990. In March of 1990, once again no courtroom was available; the matter was then continued to August 6, 1990.

During this period, petitioner alleges and the respondent court implicitly concedes that certain civil cases lacking a preference under section 36(a) have been assigned to courtrooms for trial, because those cases are assigned to and part of the trial court's delay reduction program. In implementing the program, the trial court has assigned four judges to hear delay reduction cases, and has assigned all *newly filed* civil matters to the program. Petitioner's action was filed before the effective date of the program, and the trial court has concluded that he may not use his section 36(a) preference to preempt those civil matters set to go to trial in the four courtrooms which are used for the hearing of delay reduction cases. The trial court also concedes that very few civil cases are going to trial, except for cases within the delay reduction program.

Petitioner filed an application for a writ of mandate directing the trial court to grant him preference for trial under section 36(a) over all other civil matters lacking that preference, including matters assigned to those

judges who are part of the delay reduction program in the trial court. We granted an order to show cause and have received briefing and opposition from real party and the respondent superior court, and an amicus curiae brief from the Attorney General. The matter is ripe for decision.

## II. Discussion

### A. *Relevant Precedent Dealing With Section 36(a)*

A consistent line of precedent has arisen from writ proceedings involving the provisions of section 36(a).[1] ■ These cases establish that the statute grants a mandatory and absolute right to trial preference over all other civil matters lacking such a preference; the trial court "shall" grant the preference and has no discretion to avoid the command of section 36(a) in the interest of efficient management of the court's docket as a whole. (*Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81, 86-87 [185 Cal.Rptr. 853].) "[T]he Legislature intended [section 36(a)] to be mandatory. It is significant that in contrast to subdivision (a) the Legislature employs the term 'may' in other subdivisions of section 36. . . . The Legislature has thus contrasted the term 'shall' in subdivision (a) with the term 'may,' joined with references to the discretion of the court and the interests of justice, in subdivisions (c) and (d). Such juxtaposition demonstrates the intent that 'shall' carry a mandatory meaning. Also, the term would be rendered meaningless and without function if it were construed as merely directory because subdivisions (c) and (d) give the trial court pervasive discretionary power to grant preference in the interests of justice. Subdivision (a) must accordingly be viewed as intended to set a particular class of litigants apart and entitle them to preference as a matter of right . . . ." (*Ibid.* [holding section 36(a) prevailed over the trial court's inherent power to regulate the order of its business].)

"We are mindful of and appreciate that respondent's ruling [denying a preferential trial setting under section 36(a)] was based upon its view that it was striking a fair balance between these plaintiffs' rights to a section 36 preferential trial and the 'interest of the court to avoid potentially wasteful serial trials.' [¶] However, respondent had no discretion to so balance inter-

---

[1] Section 36 provides in pertinent part as follows: "(a) A civil case shall be entitled to preference upon the motion of any party to the action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole. [¶] . . . [¶] (f) Upon the granting of such a motion for preference, the clerk shall set the case for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. No such continuance shall be for more than 15 days, nor shall more than one such continuance be granted to any party."

ests. Respondent's authority and jurisdiction [were] limited by section 36, subdivisions (a) and (e), to setting trial for a date within 120 days of granting the preference motion. . . . [¶] If trial courts are permitted to make administrative inroads into the section 36 mandate, the effectiveness of that mandate will be eviscerated, if only to the extent that a litigant's section 36 rights will be jeopardized while appellate courts review circumstances seen by trial courts as justifying their revocation of trial preferences upon their own re-balancing of interests. [¶] If trial courts believe that certain exceptions to section 36 are necessary . . . , their remedy lies in persuading the Legislature to amend the absolute language of section 36, subdivision (a) to provide appropriate exceptions." (*Koch-Ash* v. *Superior Court* (1986) 180 Cal.App.3d 689, 698-699 [225 Cal.Rptr. 657] [holding section 36(a) prevails over the interests of judicial economy and avoidance of repetitive litigation].)

"The instant case thus presents a conflict between a statute enacted in order to ensure that senior litigants do not lose the right to have their cases litigated because of delays in setting trial dates [citation], and another statute intended principally as a device for easing a growing burden on our courts . . . . Under these circumstances section 36, which is 'mandatory and absolute in its application,' is unquestionably the controlling authority . . . ." (*Vinokur* v. *Superior Court* (1988) 198 Cal.App.3d 500, 503 [243 Cal.Rptr. 683] [holding section 36(a) prevails over the statutory system for compulsory arbitration codified in Code of Civil Procedure section 1141.11].)

"The clear intent of the Legislature is to safeguard litigants who qualify under subdivision (a) of section 36 against the acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and to obtain the appropriate recovery. [Citation.] [¶] The application of section 36, subdivision (a), does not violate the power of trial courts to regulate the order of their business. Mere inconvenience to the court or to other litigants is irrelevant. . . . The trial court has no power to balance the differing interests of opposing litigants in applying the provision. The express legislative mandate for trial preference is a substantive public policy concern which supersedes such considerations. [Citation.] Accordingly, subdivision (a) of section 36 is mandatory and absolute in its application in civil cases whenever the litigants are 70 years old." (*Swaithes* v. *Superior Court* (1989) 212 Cal.App.3d 1082, 1085-1086 [261 Cal.Rptr. 41] [holding section 36(a) prevails over any apparently contrary construction of rules of practice in the Probate Code].)

"We are mindful of the virtually impossible task facing respondent superior court in its diligent effort to manage a voluminous increase in criminal

and civil cases—many of the latter with section 36 preferences—without a corresponding growth in the number of judicial positions funded by the Legislature." (*Sprowl* v. *Superior Court, supra*, 219 Cal.App.3d at p. 781.) "But as we have seen [citation], section 36 is mandatory, leaving . . . no discretion to the court." (*Ibid.* [holding section 36(a) prevails over the interest of the trial court in reducing delay by setting certain short civil matters for trial].)

Thus, relevant precedent upholds the absolute command of section 36(a) in light of its plain meaning, despite recognition that in certain instances there are strong countervailing considerations—deriving from principles of efficient trial court management; from fairness and due process to other litigants; and from divergent public policy or statutory contexts in which the section 36(a) mandate may be difficult, impractical, or impossible to realize. In short, we approach this case against a background of relevant precedent which holds section 36(a) is a comprehensive and final legislative judgment on the issue, which must prevail whenever the section 36(a) right is juxtaposed to another countervailing argument, based on whatever legitimate or seemingly compelling public interest.

### B. Section 36(a) and Delay Reduction Programs

■ Despite these seemingly adamantine precedents, respondent court and the Attorney General, as amicus, present a principled and persuasive argument that the enactment of the Trial Court Delay Reduction Act of 1986 (the Act) must be interpreted as creating an implied exception to the seemingly broad sweep of section 36(a) and the precedents we have cited. According to respondent, the requirements of the Act, as a specific legislative pronouncement on the subject of the problem of trial court delay which was also addressed in section 36, suggest a legislative determination that section 36(a) preferences cannot be exercised as to those civil matters which are assigned to delay reduction programs. This argument essentially contends that the prior precedents we have alluded to are not directly relevant, despite the fact they certainly support petitioner; and that a critical analysis of those precedents, in light of the circumstances of this case, might show them to be distinguishable even as to their rationales; i.e., the Legislature could easily have concluded that, in the circumstances presented by this case, statutory preferences were incompatible with the overall reduction of delay sought by the Act. This argument's potential appeal, however, lies precisely in those considerations of court efficiency which have previously been held unpersuasive as against the command of section 36(a). Even after subjecting the relevant precedents to a more critical analysis, in light of the historical development of legislative responses to the problem of trial court delay, we conclude section 36(a) must control here.

The problem of delay in the courts is one of long standing. Legislative responses to this problem prior to the 1986 Act had consisted largely of the creation of numerous mandatory or discretionary preferences scattered throughout the codes for certain types of matters, which for various reasons were judged to be especially affected by delay or especially worthy of special treatment.[2]

This approach had certain defects. First, granting preference to certain matters over others obviously did nothing to reduce the overall delay of civil matters, and in fact only lengthened the delay of those not granted a preference. Second, the proliferation of preferences was self-defeating: As the number of preferences grew, the value of the preference declined. A state of affairs began to evolve in which so much civil litigation was entitled to special treatment that, with the priority of criminal trials over all civil matters,[3] increasingly fewer nonpreference civil cases were coming to trial. Moreover, problems of overinclusion and underinclusion were inevitable. Certain matters technically came within the ambit of a preference statute when realistically there was no special reason for haste. Parties were tempted to cast their claims in terms entitling them to preference, especially since the preference for declaratory relief matters could be relatively easily manipulated in order to jump the line of other civil cases. (See *Kessloff* v. *Pearson* (1951) 37 Cal.2d 609, 613-614 [233 P.2d 899].) Finally, there were always certain civil matters not entitled to a statutory trial preference which in fact were very adversely affected by delay.

In 1986, the Legislature adopted a new approach. In contrast to the reactive model in which trial courts have relatively little say in the general

---

[2] See, for example, Code of Civil Procedure sections 35 (election matters), 36 (parties over 70 or under 14 or suffering from a fatal illness, plus other matters in the discretion of the court), 37 (parties suing for injuries caused by the defendant during the commission of a felony for which the defendant has been convicted), 460.5 (defamation actions where continued publication is likely), 460.7 (defamation actions involving candidates for public office), 526a (taxpayer suits), 527, subdivision (a) (preliminary injunction), 1062.3, subdivision (a) (declaratory relief), 1141.20 (trial after arbitration), 1179a (unlawful detainer), 1260.010 (eminent domain); Civil Code sections 232.3, subdivision (b) (emancipation of minors), 4600.6 (child custody), 4707 (child support); Government Code sections 65956 (public hearing on development project), 66499.37 (review of subdivision decisions), 83121 (review of certain administrative decisions regarding pending elections); Health and Safety Code section 42404 (action to recover penalty for air pollution); Public Contract Code section 5107 (action by public bidder); Public Resources Code section 21168.3 (action involving Environmental Impact Report); Revenue and Taxation Code section 5149 (action for tax refund). See generally, 7 Witkin, California Procedure (3d ed. 1985) Trial, sections 70-75, pages 75-79.

[3] "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time. . . . In accordance with this policy, criminal cases shall be given precedence over, and set for trial and heard without regard to the pendency of, any civil matters or proceedings." (Pen. Code, § 1050, subd. (a).)

management of litigation, but are required by statutes to engage in a scatter-shot attempt to grant preferences in order to reduce the specific delay as to particular matters, the Legislature concluded that the problem of delay was having such a general effect on all civil matters that a more systemic response was required. The Act, therefore, seeks to test the possibility that more active management of litigation by the trial court will reduce overall delay. While the success of this experiment is currently the subject of some debate, we have to deal here with the fact that the Act established a new system for handling civil matters which, arguably, is not consistent with the preceding system of more reactive trial court management of such cases under the provisions of the earlier preference statutes. Since the two inconsistent systems now exist side by side, it is inevitable that they should come into conflict.

The Act makes no explicit reference to the numerous trial preferences granted by other statutes; and, consequently, it is initially unclear therefrom whether litigants may use a statutory preference to assert precedence over a matter whose only priority arises from its assignment for trial to the delay reduction program. As originally enacted in 1986, section 68612 of the Act provided that the trial courts could establish "procedures, standards, and policies which shall govern cases assigned to the program. Such procedures, standards, and policies may be *inconsistent with the California Rules of Court.*" (Stats. 1986, ch. 1335, § 1, p. 4747, italics added.) The 1986 Act was, therefore, subject to the objection that the trial courts could not alter time limits prescribed by statutes, but could alter those established by the rules of court. However, in 1988, the Legislature amended section 68612 of the Government Code to read in pertinent part as follows: "Those procedures, standards, and policies may be inconsistent with the California Rules of Court, *may impose procedural requirements in addition to those* authorized by statute, and may shorten any time specified by *statute for performing an act.*" (Italics added.) The decision in this case turns in part upon the proper interpretation of these provisions.

Respondent court contends the Legislature has, thus, granted it the power to dispense with the statutory trial preference of section 36(a), allowing the court to subordinate the time of trial of civil litigation having such preference to that of nonpreference civil cases assigned to the delay reduction program and its four departments. We disagree.

The quoted provisions allow the trial courts to ignore, if necessary, the provisions of the rules of court. They do not grant the same power as to statutes such as section 36(a). Rather, even under the 1988 amendment to the Act, the trial courts may only impose new "procedural requirements *in addition to those authorized by statute* . . . ." (Italics added.) The

Legislature has, thus, "juxtapos[ed]" a plenary power of dispensation as to the rules of court with a more limited power to *supplement,* not subvert, the requirements of section 36(a). (See *Rice* v. *Superior Court, supra,* 136 Cal.App.3d at pp. 86-87.)

The Legislature, in amending Government Code section 68612, *supra,* has also only granted the trial courts the power to create new procedures for "cases assigned to the [delay reduction] program." (Cf. *Laborers' Internat. Union of North America* v. *El Dorado Landscape Co.* (1989) 208 Cal.App.3d 993, 1009 [256 Cal.Rptr. 632] [holding that the trial court could impose additional procedural requirements barring delay, and sanctions for non-compliance, in a case *assigned to a delay reduction act program*]; accord *International Union of Operating Engineers* v. *Superior Court* (1989) 207 Cal.App.3d 340, 353 [254 Cal.Rptr. 782] [trial court could require assertion of any challenge to a trial judge within 10 days after a case is assigned to the delay reduction program]; *Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491, 495 [256 Cal.Rptr. 296] [upholding assessment of sanctions for delay in filing proof of service in a delay reduction act case].) The Legislature did not, however, grant trial courts the additional power to create new rules for cases such as petitioner's, which have *not* been assigned to a delay reduction program.

We acknowledge there is some rather loose language in *Laborers' Internat. Union, supra,* which if read out of context might be troubling. In the course of upholding the trial court's imposition of sanctions on an attorney for his delay in filing the at-issue memorandum in a delay reduction act case, the court there observed that "procedural rules of court adopted by . . . the superior court . . . for the purpose of assisting in trial court delay reduction can coexist *and conflict with statutory law . . . .*" (*Laborers' Internat. Union of North America* v. *El Dorado Landscape Co., supra,* 208 Cal.App.3d at p. 1006, italics added.) We certainly have no problem with the notion there can be such coexistence; within the context of the facts of that case, we also have no problem with the pithy observation that the Legislature has provided there can be a limited type of "conflict," more apparent than real, between the more stringent time requirements imposed in delay reduction act cases and those imposed generally on civil cases. This language, however, does not currently allow the trial courts to create the more fundamental conflict of enacting, for example, some new procedural rule plainly inconsistent with contrary provisions of the Code of Civil Procedure. While such a new rule might go far to reduce delay, it would be ultra vires as inconsistent with, and not merely in addition to, the provisions of statute. Further, we must emphasize again: This case concerns litigation *not* assigned to the delay reduction act program, as to which the trial courts have no statutory discretion to dispense with an inconvenient statute.

The Attorney General, as amicus, suggests judges hearing delay reduction act cases are not bound by the section 36(a) priority, because of section 34 of the Code of Civil Procedure (section 34), which provides the entire code applies to all state courts "except where special provision is made for particular courts . . . ." We cannot adopt this argument.

Obviously, the Code of Civil Procedure must generally apply to cases assigned to the delay reduction programs; if it did not, we do not know what rules of procedure would apply. "The fact that this is a 'fast track' case does not annul or make inoperative previous statutes and case law." (*Prudential Bache Securities, Inc.* v. *Superior Court* (1988) 201 Cal.App.3d 924, 925 [247 Cal.Rptr. 477].) In order to apply section 34 here, we would have to find a "special provision" for "particular courts" hearing delay reduction cases, which special provision is contrary to the section 36(a) preference. No such special provision contrary to section 36(a) appears either in the Code of Civil Procedure or the Act as our discussion, *ante,* of the relevant statutes shows. (See *Swaithes* v. *Superior Court, supra,* 212 Cal.App.3d at p. 1086 [rejecting a similar argument for the avoidance of section 36(a) in Probate Code matters].)

This argument is further undercut because, as is made clear by the submission of the trial court, it in fact *does* apply section 36(a) preferences to cases assigned to the delay reduction program. Some of the four judges hearing delay reduction cases at the relevant times below were hearing recently filed cases assigned to the delay reduction program, as to which such preferences under section 36(a) had been granted. It is apparently only because petitioner's action was filed *before* the delay reduction program was established, and before the cases assigned thereto were filed, that he cannot get to trial. It is difficult to rationalize the situation in which older cases entitled to a statutory preference are delayed for trial because priority is given to more recent cases assigned to a new delay reduction program.

The trial court also urges upon us the maxim that specific legislation enacted after more general legislation is an implied exception to the earlier law. We have no quarrel with the maxim, but have some problem grasping its precise relevance here. First, it is not clear whether the section 36(a) preference is more specific or more general than the Act. Second, the problem with conducting jurisprudence by maxim is that there is often an equal and opposite one available in any particular case. Here, we might properly apply *expressio unius est exclusio alterius* (cf. *Mutual Life Ins. Co.* v. *City of Los Angeles* (1990) 50 Cal.3d 402, 410 [267 Cal.Rptr. 589, 787 P.2d 996]) to observe that the Legislature specifically granted the power to completely abrogate rules of court, but not statutes; further, the power granted applies only to cases within the delay reduction program, not to petitioner's. In

short, if the later-enacted Act is more specific than section 36(a), it seems *too* specific to support this argument.

It has also been suggested the Legislature perhaps did not intend this experiment—in the assignment of delay reduction cases to the firm deadlines of certain judges—to be confounded by the same old trial preferences which had formerly delayed so much litigation lacking those preferences. This argument has some appeal, and we would certainly defer if possible to the trial court's judgment as to the most efficient way to maintain its docket. We have no desire to micromanage the trial calendar for the respondent court, even assuming we had the power to do so.

While we are fully cognizant of the merit of the trial delay reduction experiment now being undertaken, we are also required to enforce a substantive right granted by section 36(a), even at the risk of trammeling the management creativity of the trial courts. The precedents we have cited stand for the proposition that section 36(a) has the possibly unfortunate, but necessary, consequence of removing some of the trial court's discretion in assigning cases to trial; further, section 36(a) necessarily provides a valuable statutory right to certain litigants rather than others. Moreover, we observe that, to the extent our decision creates problems for the trial courts in accommodating section 36(a) cases, soon that problem will inevitably be faced by the trial courts anyway. All the section 36(a) cases not otherwise disposed of will have to be tried in any event by the time of the running of the five-year statute—unless, of course, the litigants have died before trial, which the Legislature has already indicated is not an acceptable method of delay reduction.[4]

We do not fault the trial court's search for a reasonable approach to the problem, while acknowledging there was some uncertainty on the issue which would benefit from clarification in this proceeding. The problem here, as is so often the case, simply appears to be a matter of too many cases

---

[4]This is true even if we accept the theory that delay may potentially have certain salutary purposes in the management of the system of litigation as a whole, since it imposes costs which may coerce the parties into compromising their positions and making peace on their own terms. These potential purposes, even if they could be publicly countenanced, are not served in section 36(a) cases due to the increased chance that a senior litigant may be unable to present his case at trial. This effect would not only tend to force senior litigants to settle their cases at a discount unrelated to an assessment of the merits, but more significantly it gives the senior litigant's *opponent* a positive incentive to delay trial and refuse settlement offers in the hopes the senior litigant may disappear. Section 36(a), therefore, uses the more active coercion of the prospect of an early and relatively certain trial date to force the parties to reach a resolution of their dispute. We note the similarity between this section 36(a) procedure and the procedure authorized by the Act as a means of reducing delay as a whole, and see no reason why we should create an anomaly in which section 36(a) cases are sacrificed for the purpose of reducing delay in other cases seemingly less affected by that delay.

chasing too few harried trial judges and other resources. The remedy may lie in the Legislature's enactment of new legislation addressing the preference issues and statutes we have discussed, if trial priority of delay reduction cases is its overriding goal. Until that is clearly done, however, the mandatory age preference of section 36(a) must be given priority for the reasons we have set forth.[5]

Therefore, a writ of mandate should issue directing the trial court to grant petitioner a section 36(a) preference when his case is called for trial on August 6, 1990, in accordance with the views expressed herein. ■ While petitioner also sought an order directing the trial court to assign the case to trial on some earlier date, we observe petitioner is not entitled to that requested relief under section 36(a). He is simply entitled to a preference over certain other matters in the assignment of a courtroom if one is available on the date set; we decline to utilize section 36(a) to command the cessation of some other trial so that petitioner can be accommodated. Further, we decline to require the trial court to call the case before the August 6, 1990, date already set with the agreement of the parties. While petitioner would doubtless seek the earliest trial date possible, we must also allow the trial court to accommodate the need of real party for adequate notice, and the need of the trial court to set matters for trial in an orderly fashion.

## III. DISPOSITION

Let a writ of mandate issue, directing the trial court to accord petitioner a trial preference under section 36(a) in accordance with the views expressed herein. Pursuant to California Rules of Court, rule 24(d), this decision shall become final immediately.

Kline, P. J., and Smith, J., concurred.

---

[5] We emphasize we are only deciding this question with reference to the section 36(a) preference, and we do not express any opinion as to the effect of any other statutory preferences on trial settings in established delay reduction programs.