Filed 1/11/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| GEORGE ISAAK et al., <br><br>     Petitioners, <br><br>v. <br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY, <br><br>     Respondent; <br><br>SYNGENTA AG et al., <br><br>     Real Parties in Interest. | A163675 <br><br>(Contra Costa County <br> Super. Ct. No. JCCP5031) |

Petitioner George Isaak is an 84-year-old retired farmer suffering Parkinson's disease, allegedly caused by his use of pesticides manufactured by real parties in interest. After his lawsuit against those parties was added to these coordinated proceedings, Isaak moved for calendar preference. Although respondent trial court denied the motion, it approved a special procedure for seeking preference that it found would balance the interests of parties for whom a preference might be warranted with the need to streamline coordinated proceedings. Petitioners contend that the court erred, arguing it was required to grant Isaak's motion. We disagree and therefore deny the petition for a writ of mandate. In doing so, we hold that Code of

1

Civil Procedure section 36 does not supersede California Rules of Court, rule 3.504, which governs coordinated proceedings.[1]

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

Isaak was diagnosed with Parkinson's disease in summer 2020 and suffers physical and mental impairments including fogginess of thought, weakness, fatigue, loss of appetite, incontinence, and the inability to walk, conditions that have unfortunately worsened since his diagnosis. He is currently wheelchair-bound and receiving palliative care.

Several parties have sued the manufacturers of Paraquat alleging that the pesticide caused them to suffer Parkinson's disease. Some of them petitioned the Judicial Council to form a Judicial Council Coordination Proceeding (JCCP) under the law governing coordinated proceedings,[2] and respondent trial court granted the request in July 2019. (*In re Paraquat Cases*, JCCP 5031.)

As of March 2021, discovery was underway in the JCCP. A trial was scheduled to begin in April 2021 in related cases in Illinois, where discovery was substantially complete. The parties in this JCCP agreed that depositions taken in those cases be treated as though they had been taken in the California cases as well. They expected additional discovery would be required in these actions, including discovery of the plaintiffs.

---

[1] All statutory references are to the Code of Civil Procedure, and all rule references are to the California Rules of Court.

[2] The statutory scheme governing coordinated proceedings was enacted in 1972. (§ 404 et seq.; Stats. 1972, ch. 1162, § 2, p. 2287.)

Isaak and his wife, petitioner Carol Isaak,[3] filed their products liability lawsuit in May 2021 against real parties in interest Syngenta AG; Syngenta Crop Protection, LLC; Chevron U.S.A. Inc.; and Wilbur-Ellis Company LLC. They alleged that real parties in interest have manufactured the herbicide Paraquat, and that exposure to Paraquat caused Isaak to suffer Parkinson's disease and his wife to suffer loss of consortium. They asked the Judicial Council to have their case coordinated with the JCCP, and the request was granted.

By motion filed in August 2021, Isaak sought trial preference under section 36. This statute was enacted in 1979 (after the passage of the statutes governing coordinated proceedings). (Stats. 1979, ch. 151, § 2, p. 348.) It provides that a party to a civil action is entitled to trial preference where the person is, like Isaak, over 70 years of age and the trial court finds both that (1) the party has a substantial interest in the action as a whole and that (2) the party's health is such that preference is necessary to prevent prejudicing the party's interest in the litigation. (§ 36, subd. (a).) Where the trial court grants a motion for trial preference, the court shall set the matter for trial not more than 120 days from that date. (§ 36, subd. (f).)

In support of his motion, Isaak presented evidence that if he were not granted preference his declining physical and mental states would put him at risk of not being able to effectively participate in his trial. He sought a trial setting in December 2021. Real parties in interest opposed the motion and argued that the law governing coordinated proceedings conflicted with, and took precedence over, section 36.

---

[3] Although petitioners share a last name, our references to "Isaak" are to George since the petition relates mostly to his need for preference.

The trial court ultimately denied the motion, although it commented at the hearing on the motion that a ruling "would not be complicated" if this were not a coordinated proceeding. It found that Isaak had established he was in failing health and that he had a substantial interest in the action as a whole. (§ 36, subd. (a).) But it concluded that it need not strictly follow section 36 in a coordinated proceeding, and it decided instead to adopt a case management order that would be "most consistent with section 36" by providing a method for considering preference motions. The denial of Isaak's motion for trial preference was thus without prejudice to seeking preference under this method.

A subsequent case management order established a "preference protocol." As part of this protocol, the order created a "Preference Committee" composed of various attorneys in the JCCP who review potential preference cases and meet and confer with counsel as to the viability and sequence of potential filings. The order also instituted a procedure for seeking preference and identified records to be submitted to the preference committee for consideration. The committee is to assess whether a potential case is appropriate to serve as a bellwether trial case.

The Isaaks petitioned this court for a petition for a writ of mandate to challenge the trial court's denial of their motion for preference. This court issued an order to show cause, real parties in interest filed a return to the petition, and petitioners filed a reply.

## II.
### DISCUSSION

As the trial court observed at the hearing on Isaak's motion, the issue of whether the statute governing calendar preference prevails over the law governing JCCP's "is an unresolved issue," and trial courts have had to

4

"muddle through" with potentially different approaches absent guidance from the Court of Appeal.

Sections 404 to 404.9 govern the coordination of civil actions that are pending in different courts and that share common questions of fact or law. Coordination is appropriate "if one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the actions without further litigation should coordination be denied." (§ 404.1.) "Notwithstanding any other provision of law, the Judicial Council shall provide by rule the practice and procedure for coordination of civil actions in convenient courts, including provision for giving notice and presenting evidence."[4] (§ 404.7.) "The practical effect of such a grant of power is to remove any restraints of statutory consistency on the Judicial Council's rules." (*Keenan v. Superior Court* (1980) 111 Cal.App.3d 336, 341; see also *In re Marriage of McKim* (1972) 6 Cal.3d 673, 678, fn. 4 [Judicial Council authorized under Cal. Const., art. VI, § 6, subd. (d) to enact rules that "supersede contrary statutes"].)

Except as otherwise provided in the relevant Rules of Court, "all provisions of law applicable to civil actions generally apply to an action included in a coordination proceeding." (Rule 3.504(a).) But "if the

---

[4] Those rules currently are set forth in title 3, division 4, chapter 7 of the California Rules of Court, rules 3.501–3.550.

5

prescribed manner of proceeding cannot, with reasonable diligence, be followed in a particular coordination proceeding, the assigned judge may prescribe any suitable manner of proceeding that appears most consistent with those statutes and rules." (Rule 3.504(c).) The trial court relied on this rule when denying Isaak's preference motion. It concluded that Isaak's case could not be tried within 120 days because discovery was "nowhere near complete," expert witnesses had not been identified or deposed, the case involved "a substantial issue concerning the causal relationship[, both general and specific,] between exposure to Paraquat and Parkinson's disease," and the causation issues would "require extensive scientific and expert-based evidence beyond that normally expected in a personal injury case." The court acknowledged the potential need for preference and adopted an approach it considered "consistent with the goals of the coordination proceeding" when it established its preference protocol.

In objecting to the preference protocol, petitioners do not argue that it is contrary to Rule 3.504(c). Instead, they argue that section 36, subdivision (a) mandates preference and supersedes any contrary authority that may have been conferred by section 404.7. We are not persuaded. It is true that courts have long recognized that the Legislature intended section 36 to be mandatory in circumstances that appear to be present here. (§ 36, subds. (a) & (f) [court "*shall* set the matter for trial" (italics added) where party to civil action is over 70, has substantial interest in action, and preference is necessary because of party's health]; *Fox v. Superior Court* (2018) 21 Cal.App.5th 529, 535 ["preference must be granted" where party meets standard and "[n]o weighing of interests is involved"]; *Miller v. Superior* Court (1990) 221 Cal.App.3d 1200, 1204 [statute "grants a mandatory and absolute right to trial preference"]; *Swaithes v. Superior*

6

Court (1989) 212 Cal.App.3d 1082, 1085 [trial court "has no power to balance the differing interests of opposing litigants in applying the provision"]; *Koch-Ash v. Superior Court* (1986) 180 Cal.App.3d 689, 694 [§ 36 "must be deemed to be mandatory and absolute" and "no discretion is left to trial courts"]; *Rice v. Superior Court* (1982) 136 Cal.App.3d 81, 86–87.)

But the foregoing cases were not coordinated proceedings and thus the courts were not called upon to consider whether and how section 404.7 affects the application of section 36. Again, "[*n*]*otwithstanding any other provision of law*, the Judicial Council shall provide by rule the practice and procedure for coordination of civil actions" (§ 404.7, italics added), and those rules currently provide that if the law applying to civil actions cannot be followed in a particular action, the assigned judge may provide another suitable manner of proceeding (rule 3.504(c)). "[T]he phrase 'Notwithstanding any other provision of law[]' . . . is a 'very comprehensive phrase[] [that] signals a broad application overriding all other code sections unless it is specifically modified by use of a term applying it only to a particular code section or phrase.' " (*Visalia Unified School Dist. v. Superior Court* (2019) 43 Cal.App.5th 563, 569 (*Visalia Unified*).) "Those six words have special interpretative importance. This statutory phrase has been called a ' "term of art" ' [citation] that declares the legislative intent to override all contrary law." (*Faulder v. Mendocino County Bd. of Supervisors* (2006) 144 Cal.App.4th 1362, 1373; see also *People v. Palacios* (2007) 41 Cal.4th 720, 729 [term is "broad and unambiguous" and overrides any contrary provision].) In other words, in enabling the Judicial Council to enact rules in coordinated proceedings that shall apply "[n]otwithstanding any other provision of law," the Legislature intended that such rules override other provisions.

7

Petitioners acknowledge only a possible conflict between section 404.7 and rule 3.504, on the one hand, and section 36 on the other. They contend that to the extent any conflict exists, section 36 should prevail because it protects "substantive rights," whereas sections 404 to 404.9 are a statutory scheme "promoting convenience." Petitioners rely on *Vinokur v. Superior Court* (1988) 198 Cal.App.3d 500, 503, where the court held that section 36 prevailed over procedures to submit matters to arbitration under the Judicial Arbitration Act (§ 1141.10 et seq.). But the court did not rely on whether the conflicting statutes protected "substantive rights" or "convenience" but instead relied on the text of the statutes. Whereas the Judicial Arbitration Act is to be applied "whenever possible" (§ 1141.10, subd. (a)), section 36 is mandatory and absolute and thus "is unquestionably the controlling authority." (*Vinokur*, at p. 503.) Here, by contrast, section 404.7 applies notwithstanding any other provision of law and thus is the controlling authority.

In downplaying the significance of the plain language of the "notwithstanding" phrase, petitioners contend it "cannot be interpreted literally so that [there] is 'no limit at all' to the clause." But even the cases they rely upon recognize the phrase's broad application. (See *Gerard v. Orange Coast Memorial Medical Center* (2018) 6 Cal.5th 443, 453–454 [acknowledging "broad sweep" of "notwithstanding" phrase, which "undoubtedly g[ave] broad powers" to administrative agency]; *People v. Vargas* (2014) 59 Cal.4th 635, 646–647 & fn. 8 [where offender commits two crimes in single act, counts as only one strike under "Three Strikes" law; to apply "notwithstanding" phrase more broadly would result in "artificial inflation" of qualifying strikes].) Applying the phrase literally here does not lead to absurd results.

Also misplaced is petitioners' argument that section 36 prevails over section 404.7 because section 36 "is the later enacted statute." They acknowledge that section 404.7 overrides law that was in effect when it was enacted (e.g., *Keenan v. Superior Court*, *supra*, 111 Cal.App.3d at p. 341 [coordination judge not to be constrained by "preexisting" venue statutes]) but claim that is not the case for later-enacted statutes. But petitioners rely on inapposite cases that set forth the general rule that the Legislature may modify or repeal legislation passed by itself or its predecessors. (E.g., *In re Collie* (1952) 38 Cal.2d 396, 398; *County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 589.) Section 36 of course did not directly modify or repeal the statutes governing JCCP's.

Nor did section 36 repeal the JCCP statutes by implication. " 'When a later statute supersedes or substantially modifies an earlier law but without expressly referring to it, the earlier law is repealed or partially repealed by implication.' " (*Visalia Unified*, *supra*, 43 Cal.App.5th at p. 569.) "The courts assume the Legislature in enacting a statute ' "was aware of existing related laws" ' and ' "intended to maintain a consistent body of rules." ' [Citation.] Thus, ' "[a]ll presumptions are against a repeal by implication." ' [Citation.] 'Absent an express declaration of legislative intent, we will find an implied repeal "only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.' " ' [Citation.] '[T]he courts are bound to maintain the integrity of both statutes if they may stand together.' [Citation.] The stringent standards for finding an implied repeal are 'designed to act as a legal bulwark against judicial trespass into the legislative province.' " (*Ibid.*; cf. *Governing Board v. Mann* (1977) 18 Cal.3d 819, 828 [repeal by implication

9

where "a subsequently enacted specific statute directly conflicts with an earlier, more general provision"].)

Under this standard, there was no implied repeal. "To say that [section 36] supersedes [section 404.7] merely because the two statutes conflict on a subject and [section 36] was passed later in time, would be to omit the phrase 'Notwithstanding any other provision of law' from [section 404.7]. We presume, as we must, the Legislature was aware of [section 404.7] when it ratified [section 36]." (*Visalia Unified*, *supra*, 43 Cal.App.5th at pp. 569–570.) When the two statutes are read together, they mean that the Judicial Council was authorized to enact rule 3.504, which grants trial courts the ability to proceed without strictly following laws governing civil actions, including section 36. Because there is no dispute that respondent trial court complied with rule 3.504, it committed no error when it denied Isaak's preference motion.

## III.
### DISPOSITION

The request for judicial notice filed on January 4, 2022, is denied as unnecessary.

The petition for a writ of mandate is denied. This opinion shall become final five days after it is filed. (Rule 8.490(b)(2)(A).) Real parties in interest shall recover their costs. (Rule 8.493(a).)

10

_____
Humes, P. J.

WE CONCUR:


_____
Margulies, J.


_____
Banke, J.


*Isaak v. Superior Court*  A163675


11

Trial Court:        Contra Costa County Superior Court

Trial Judge:        Hon. Edward G. Weil

Counsel:

The Miller Firm, LLC, Michael J. Miller, Curtis G. Hoke, David J. Dickens; Brady Law Group, Steven J. Brady; Wagstaff Law Firm, PC and Aimee H. Wagstaff for Petitioners.

No appearance for Respondent.

Gordon Rees Scully Mansukhani, LLP, Don Willenburg, Robert A. Rich; Jones Day, Steven N. Geise, Celeste M. Brecht and Traci L. Lovitt for Real Parties in Interest.