Filed 1/19/23; Certified for Publication 4/12/23 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PARKASH PABLA,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>Respondent;<br><br>DUAL ARCH INTERNATIONAL, INC.,<br><br>Real Party in Interest. | F085495<br><br>(Merced Super. Ct. No. 20CV-03476)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of mandate. Brian L. McCabe, Judge.

HBG Law and Harry B. Gill for Petitioner.

No appearance for Respondent.

Fores Macko Johnston & Chartrand, Cory B. Chartrand and Megan D. Johnson for Real Party in Interest.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J. and Snauffer, J.

On December 29, 2022, petitioner filed a petition for writ of mandate challenging the November 7, 2022 order of the superior court granting petitioner's request for trial setting preference under Code of Civil Procedure section 36,[1] but declining to set trial within 120 days. "A consistent line of precedent has arisen from writ proceedings involving the provisions of section 36[]" and superior courts have "no discretion to avoid the command of section 36[] in the interest of efficient management of the court's docket as a whole." (*Miller v. Superior Court* (1990) 221 Cal.App.3d 1200, 1204 (*Miller*).) Having granted trial setting preference, respondent superior court was required to set trial within 120 days. As petitioner's entitlement to relief is obvious, peremptory writ relief is warranted.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner Parkash Pabla filed a motion for trial setting preference under section 36 on September 22, 2022, in Merced County Superior Court. The motion was accompanied by a declaration from petitioner explaining she was 73 years old, and suffered from asthma and hypertension, had recently undergone kidney surgery and was receiving dialysis. Real party in interest Dual Arch International, Inc. raised concerns regarding completing discovery and pretrial motions under such an accelerated schedule, but did not challenge petitioner's eligibility to request trial setting preference.

The motion was heard on November 7, 2022. Respondent granted the motion for trial preference but set the date for trial exactly one year later—November 7, 2023.[2]

---

[1] Further statutory references are to the Code of Civil Procedure.

[2] The superior court minute order from November 7, 2022, states trial was set for November 7, 2023, but does not address the court's ruling on the motion for trial setting preference. The superior court issued another minute order the following day, November 8, 2022, noting trial preference had been granted. Due to the inconclusive record, petitioner's counsel submitted a declaration in conformance with California Rules of Court, rule 8.486(b)(3), explaining respondent granted the motion for trial setting preference but did not set trial earlier due to its backlog of cases resulting from the

2

Petitioner filed the instant petition for writ of mandate with this court on December 29, 2022. She asserts the superior court lacked discretion to set trial after the 120-day deadline. On January 6, 2023, we requested briefing and notified the parties this court may elect to issue an order for peremptory relief in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.)

## DISCUSSION

Section 36, subdivision (f) states:

> "(f) Upon the granting of such a motion for preference, *the court shall set the matter for trial not more than 120 days from that date* and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. Any continuance shall be for no more than 15 days and no more than one continuance for physical disability may be granted to any party." (§ 36, subd. (f), emphasis added.)

A consistent line of cases establish section 36 "grants a mandatory and absolute right to trial preference over all other civil matters lacking such a preference; the trial court 'shall' grant the preference and has no discretion to avoid the command of section 36[] in the interest of efficient management of the court's docket as a whole." (*Miller*, *supra*, 221 Cal.App.3d at p. 1204.) Certain subdivisions of section 36 employ the term "may" rather than the term "shall" (*Miller*, at p. 1204) as is the case in subdivision (f). "Such juxtaposition demonstrates the intent that 'shall' carry a mandatory meaning." (*Ibid*.)

"Respondent's authority and jurisdiction was limited by section 36, subdivisions (a) and (e),[3] to setting trial for a date within 120 days of granting the

COVID-19 pandemic. Real party in interest did not object to petitioner's factual assertions, and set forth a similar recitation of the events that took place at the November 7, 2022 hearing in its opposition.

[3] In 1986, section 36, subdivision (e) contained the language setting forth the 120-day trial setting deadline now found in subdivision (f). (Stats. 1981, ch. 215, § 1.)

preference motion. For respondent to have ignored the unquestionably controlling authority of the statute … was an abuse of discretion." (*Koch-Ash v. Superior Court* (1986) 180 Cal.App.3d 689, 698.) Under section 36, subdivision (a), a superior court lacks discretion and "shall" grant preference to a party over 70 years of age upon making a showing, "(1) [t]he party has a substantial interest in the action as a whole[, and] (2) [t]he health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation." (§ 36, subd. (a).) Section 36, subdivision (f) continues the mandatory duty of the superior court, which "shall" set the matter for trial not more than 120 days after granting trial preference. Applying section 36 to this case, having granted trial preference, respondent was required to set trial within 120 days thereafter. The failure to do so was an abuse of discretion. Further, writ relief is warranted, as the delays inherent in seeking appellate review render it an inadequate method to address petitioner's concerns. "While an abuse of discretion in refusing a continuance may result in an inconvenient trial date, an abuse of discretion in denying trial preference to a litigant coming within the qualifications of [section 36,] subdivision (a) might forever deprive that litigant of the very substantive rights the statute is intended to protect." (*Rice v. Superior Court* (1982) 136 Cal.App.3d 81, 90–91.)

Real party in interest relies on the recent decision in *Isaak v. Superior Court* (2022) 73 Cal.App.5th 792 (*Isaak*) to argue the superior court had the discretion to balance interests of judicial economy with the preferential trial setting provisions of section 36. *Isaak* involved a Judicial Council Coordination Proceeding, and its ruling did not intend to address the functioning of section 36 in other contexts. *Isaak* held "section 36 does not supersede California Rules of Court, rule 3.504, which governs coordinated proceedings." (*Isaak*, at p. 795.) Coordinated proceedings are extraordinarily complex matters which may include the coordination of hundreds, if not thousands, of cases. (See, e.g., *Ford Motor Warranty Cases* (2017) 11 Cal.App.5th 626,

4

629 [involving over 900 individual cases].) Coordinated proceedings are governed by special procedural rules and necessitate greater discretion on behalf of superior courts to ensure efficient adjudication. (See Cal. Rules of Court, rule 3.500 et seq.)[4]

However, the *Isaak* court differentiated coordinated proceedings from ordinary proceedings, and nothing in the opinion implies section 36 should be applied differently in other contexts. "[C]ourts have long recognized that the Legislature intended section 36 to be mandatory in circumstances that appear to be present here." (*Isaak*, *supra*, 73 Cal.App.5th at p. 798.) "But the foregoing cases were not coordinated proceedings and thus the courts were not called upon to consider whether and how section 404.7 affects the application of section 36." (*Ibid*.) Accordingly, we refuse to read *Isaak* as providing superior courts discretion to avoid strictly applying the mandatory provisions of section 36 in ordinary civil proceedings.

While relief is warranted, we repeat the refrain appellate courts have vocalized since section 36 was enacted regarding the untenable nature of scheduling cases, including matters entitled to trial preference, in overburdened superior courts.[5] The

---

[4] Further rule references are to the California Rules of Court.

[5] "We are mindful of the virtually impossible task facing respondent superior court in its diligent effort to manage a voluminous increase in criminal and civil cases—many of the latter with section 36 preferences—without a corresponding growth in the number of judicial positions funded by the Legislature." (*Sprowl v. Superior Court* (1990) 219 Cal.App.3d 777, 781.) "But as we have seen [citation], section 36 is mandatory, leaving … no discretion to the court. (*Ibid*. [holding section 36[, subdivision (a) (section 36(a))] prevails over the interest of the trial court in reducing delay by setting certain short civil matters for trial].)

"Thus, relevant precedent upholds the absolute command of section 36(a) in light of its plain meaning, despite recognition that in certain instances there are strong countervailing considerations—deriving from principles of efficient trial court management; from fairness and due process to other litigants; and from divergent public policy or statutory contexts in which the section 36(a) mandate may be difficult, impractical, or impossible to realize. In short, we approach this case against a background of relevant precedent which holds section 36(a) is a

COVID-19 global pandemic likely only exacerbated the situation.  However, until and unless the Legislature determines otherwise, this court is compelled to require respondent to comply with the mandatory provisions of section 36.

We therefore determine the writ petition should be granted without delay by directing the issuance of a peremptory writ in the first instance and ordering respondent to set a trial date not more than 120 days after granting the motion for trial setting preference.[6]  (*Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at pp. 177–180.)  The parties were properly notified a peremptory writ may issue.  Further, petitioner's right to relief is obvious and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument.  (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

### DISPOSITION

Let a peremptory writ issue directing the Merced County Superior Court in case No. 20CV-03476 to set a trial date not more than 120 days after the November 7, 2022 order granting trial setting preference as mandated by section 36, subdivision (f).

---

comprehensive and final legislative judgment on the issue, which must prevail whenever the section 36(a) right is juxtaposed to another countervailing argument, based on whatever legitimate or seemingly compelling public interest." (*Miller*, *supra*, 221 Cal.App.3d at pp. 1205–1206.)

[6]    Petitioner requests this court transfer the action to another venue if respondent is unable to set trial as required under section 36.  Section 36 provides no such remedy, nor does petitioner provide any legal authority supporting the request.  Without citation to legal authority, the request to transfer venue lacks foundation and must be denied. " ' " 'Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned.' " ' " (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately.  (Rule 8.490(b)(2)(A).)  The remittitur will issue immediately upon the finality of this opinion as to this court, should the parties so stipulate.  (Rules 8.272(c)(1) & 8.490(d).)

Petitioner is awarded costs pursuant to rule 8.493(a)(1)(A).

Filed 4/12/23

Court of Appeal, Fifth Appellate District - No. F085495

**S278436**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

_____

PARKASH PABLA, Petitioner,

v.

SUPERIOR COURT OF MERCED COUNTY, Respondent;

DUAL ARCH INTERNATIONAL, INC., Real Party in Interest.

_____

As recommended by the Court of Appeal, the Reporter of Decisions is directed to publish the Court of Appeal opinion in the above-entitled matter in the Official Reports. (Cal. Rules of Court, rule 8.1120(c).)

_____
*Chief Justice*